# J. Morrow Arnold, Trustee, Appt., *v.* Mary A. Harper.

A bequest of stocks and bonds to a legatee, "the dividends derived from same to be paid to her" by one whom the testator names "as trustee for said bonds and stocks, as said dividends may accrue from time to time," vests not only the equitable but the legal title in the legatee.

The trust, if it can be so called, is executed at its creation; and the trustee has nothing whatever in the subject-matter of it.

It is immaterial that, in a subsequent clause, the testator directs his executors to pay $5,000 for the services of the trustee.

An appeal by such a trustee, from a decree of the orphans' court directing him to transfer the trust securities to the *cestui que trust,* dismissed.

(Argued November 11, 1886.    Decided November 15, 1886.)

October Term, 1886, No. 225, W. D.    Appeal from a decree of the Orphans' Court of Allegheny County directing a trustee to transfer and assign to a *cestui que trust* cash and securities of the trust.    Affirmed.

At the audit of the account of J. Morrow Arnold, trustee under the will of James H. Brown, deceased, Mary A. Harper, the *cestui que trust,* came into court and requested the transfer to her absolutely of that portion of the estate in the hands of J. Morrow Arnold, trustee, alleging that the terms of decedent's will did not create a trust, but entitled her to the possession of the estate.

The clause which created the trust was as follows:

"I also give and bequeath all stocks and bonds to said Mary A. Harper, the dividends derived from same to be paid to her

NOTE.—Where no active duties are imposed upon the trustee, and the legal estates unite in one person, the trust is executed (McCune v. Baker, 155 Pa. 503, 26 Atl. 658; Baker's Estate, 6 Pa. Co. Ct. 672; Marshall's Estate, 11 Pa. Co. Ct. 558, 30 W. N. C. 228, 1 Pa. Dist. R. 313; First Baptist Church v. Pennsylvania Baptist State Mission Soc. 15 Pa. Co. Ct. 332); likewise where the reason for the creation of the trust has ceased (Fisher v. Wister, 154 Pa. 65, 25 Atl. 1009; Audenreid's Estate, 5 Northampton Co. Rep. 1; Cable v. Cable, 146 Pa. 451, 23 Atl. 223). But if the trust is active, the *cestui que trust* for life is not entitled to the principal, though the children entitled in remainder consent. Sim's Estate, 130 Pa. 451, 18 Atl. 638.

by J. Morrow Arnold, whom I name as trustee for said bonds and stocks, as said dividends may accrue from time to time."

The testator directed his executors "to pay to J. Morrow Arnold, $5,000, for services as trustee for Mary A. Harper."

It appeared that the testator, at the date of the will and until his death, supposed that Mrs. Harper's husband was living. Her husband was, however, dead at the date of the will.

The court entered a decree directing the trustee to transfer the cash and securities of the trust to Mrs. Harper. Upon dismissing exceptions to this decree, OVER, J., said:

"The only theory upon which a trust for Mrs. Harper could be supported is that it was intended to be a trust during coverture; and as the evidence shows she is now discovert, the purposes of the trust, if there be an active one, are accomplished, and it therefore falls. The exceptions to the decree must therefore be dismissed."

The trustee thereupon appealed. The appellee moved to quash the appeal.

The assignments of error specified the action of the court: 1, in not dismissing Mrs. Harper's petition; 2, in not directing appellant to retain the estate; 3, in entering the decree transferring the estate to Mrs. Harper; and 4, in dismissing appellant's exceptions to the same effect.

*H. & G. C. Burgwin,* for appellant.—Among the active trusts has always been classed that to receive and pay over the profits to another. Husband, Married Women, p. 283; cited and approved in Lightner's Appeal, 11 W. N. C. 183.

So long as active duties remain to be performed by the trustees, the legal estate must remain in them. Bacon's Appeal, 57 Pa. 504.

In Davis's Appeal, 100 Pa. 201, Mr. Justice GREEN, after citing and approving the above, says: "This being true of real estate which is permanent and enduring and requires no change, it is still more true of a trust fund which consists of securities only (in this case stocks and bonds), requiring constant care and watchfulness, and possibly frequent changes." See also Barnett's Appeal, 46 Pa. 392, 86 Am. Dec. 502; Dodson v. Ball, 60 Pa. 495, 100 Am. Dec. 586.

The intention of the testator to create a trust having been as-

certained, the court will not strike it down unless it be contrary to some well-defined public policy. Earp's Appeal, 75 Pa. 119.

It is immaterial that there be no bequest over. Sproul's Appeal, 105 Pa. 438; Deibert's Appeal, 78 Pa. 296.

There is nothing in the will to show that testator intended a separate use trust; no mention is made of the husband, and no apt words are employed. Under such circumstances a separate use trust cannot be inferred. Torbert v. Twining, 1 Yeates, 432.

*Josiah Cohen* and *A. Israel,* for appellee.—The appeal should be quashed. It has been repeatedly held that a trustee, executor, or administrator has no right to appeal from the decree distributing the funds in his hands, when, like the present appellant, he is neither creditor, legatee, nor heir, and has no other interest in the distribution. Having brought his account and the trust funds into the orphans' court for distribution, it can make no difference to him what distribution the court may decree. He is not a party in the distribution; his duty is to pay according to the distribution made, and in so doing he is fully protected by the decree. Gallagher's Appeal, 89 Pa. 29; Mellon's Appeal, 32 Pa. 130; Craig's Appeal, 38 Pa. 330; Stineman's Appeal, 34 Pa. 394; Singmaster's Appeal, 86 Pa. 169; Herbst's Appeal, 90 Pa. 353; Sharp's Appeal, 3 Grant, Cas. 260; Chew's Appeal, 3 Grant, Cas. 308.

This court has already decided that this is not an active trust. "That this is a dry, technical trust may be conceded. But the trust exists and the trustee has been awarded the securities by the decree of a court of competent jurisdiction. With that decree standing in full force and unappealed from, we cannot say, in this collateral proceeding, that there is not a trust of some kind." Harper's Appeal, 111 Pa. 243, 2 Cent. Rep. 65, 2 Atl. 861.

That a separate use trust ceases with discoverture has been very frequently decided. Megargee v. Naglee, 64 Pa. 216; Nice's Appeal, 50 Pa. 143; Freyvogle v. Hughes, 56 Pa. 228; Koenig's Appeal, 57 Pa. 352; Steacy v. Rice, 27 Pa. 75, 67 Am. Dec. 447.

It requires more than the mere designation of the payment of income to the *cestui que trust* to make a trust an active one. Yarnall's Appeal, 70 Pa. 339.

Here the *cestui que trust* has the entire beneficial interest.

The gift of the *corpus* to her is absolute. The income is to be paid to her, not during life, but without limitation or restriction, and in a manner which alone would carry the *corpus*. No mention is made of her death, or of what should take place in such event. No purpose is mentioned for the existence of the trust, either during her life or any other period. The protection of a remainder cannot be the purpose of the trust, for there is no remainder limited. There is no mention of such duties in the trustee, as power of sale, reinvestment, or of general discretionary management of trust estate, as would, by implication, continue the trust active during the life of the *cestui que trust*. There is not one word cutting down her entire beneficial interest to a life estate. These contradistinguishing features show that this lacks every vital element of an active trust. In every case where a trust has been held to be active, it has contained one or more of these essential elements. For example, the cases cited by counsel for appellant: Lightner's Appeal, 11 W. N. C. 183; Bacon's Appeal, 57 Pa. 504; Earp's Appeal, 75 Pa. 119; Dodson v. Ball, 60 Pa. 495, 100 Am. Dec. 586; Barnett's Appeal, 46 Pa. 392, 86 Am. Dec. 502; Davis's Appeal, 100 Pa. 203.

A gift of the income without limitation as to its continuance, and without any bequest over of the *corpus,* carries the *corpus*. Garret v. Rex, 6 Watts, 14, 31 Am. Dec. 447; Schriver v. Cobeau, 4 Watts, 130; Hellman v. Hellman, 4 Rawle, 450; Parker's Appeal, 61 Pa. 485; Keene's Appeal, 64 Pa. 268; Roberts's Appeal, 59 Pa. 70, 98 Am. Dec. 312; Pennsylvania Co. for Ins. on Lives & G. A.'s Appeal, 83 Pa. 312; Millard's Appeal, 87 Pa. 457; Davis's Appeal, 100 Pa. 203; Roper, Legacies, p. 1474.

This is not a spendthrift trust; there can be no spendthrift trust unless it be expressed that the legatee's interest or estate shall be exempt from liability for his debts. Girard Life Ins. & T. Co. v. Chambers, 46 Pa. 485, 86 Am. Dec. 513.

PER CURIAM:

As the bequest in this case vested in Mary A. Harper not only the equitable but legal title in the stocks and bonds bequeathed, the trust, if indeed it can be regarded as such, was executed in the donee at the time of its creation; hence the trustee had nothing whatever in the subject-matter of it.

The decree is affirmed and the appeal dismissed, at the costs of the appellant.