## Estate of William K. Hemphill. Appeal of Clement M. Hemphill and A. Julian Hemphill.

*Will—Trusts and trustees—Active and continuing trusts.*

To establish an active trust in Pennsylvania the duty to be performed by the trustee must not only involve some positive action on his part, but an action attended with some discretion. A trust to pay the "net income" of realty to the cestui que trust involves the exercise of discretion by the trustee.

Where by the terms of the will the real estate, after the death of the widow, is left to certain children named, "in trust, the net income of which shall belong to them share and share alike, and at their death, I give, devise and bequeath the same to their heirs, . . . ." an active, continuing trust is created, and a trustee will be appointed, upon petition, after the death of the widow.

Argued Jan. 15, 1897. Appeal, No. 110, July T., 1896, by Clement M. Hemphill and A. Julian Hemphill, from decree of O. C. Phila. Co., July T., 1896, No. 110, appointing trustee. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Petition for the appointment of a trustee.

From the record it appeared that testator died on April 1, 1874, leaving to survive him a widow and three sons. By his will he gave his widow all of his estate in trust for certain purposes. The material portion of the will as far as the present case is concerned is as follows:

"After the death of my said wife, Sarah Jane, I give and bequeath to my children above named, all of my personal property to be divided among them share and share alike. And my real estate I leave to them my said children, Clement M., William J., and Alexr. Julian, in trust, the net income of which shall belong to them share and share alike, and at their death I give, devise, and bequeath the same to their heirs, administrators, and assigns. In the event of any of my children dying without heirs, then his share shall be given to the survivor or survivors."

The widow of the decedent died without having married again on June 22, 1896. The three sons are still living and are parties to this proceeding.

The opinion of the orphans' court by ASHMAN, J., was as follows:

The petition for the appointment of a trustee assumes that there is an active and subsisting trust.  The will gave to the widow "in trust" all of the estate, "the net income" of which was, with certain exceptions, to belong to her for life.  At her death, which has occurred, the personal estate was given to the children absolutely, and the real estate to them, naming them, "in trust, the net income of which shall belong to them, share and share alike, and at their death, I give, devise, and bequeath the same to their heirs, administrators, and assigns.  In the event of any one of my children dying without heirs, then his share shall be given to the survivors or survivor."  An analysis of the cases in Pennsylvania, which have settled the distinction between active and dry trusts, will show that, in the former class, the duty to be performed by the trustee must not only involve some positive action on his part, but an action attended with some discretion.  The automatic function of merely receiving for the cestui que trust and immediately paying over to him the trust fund or its income will not make a trust active.  The cestui que trust could perform the act as well, and he has no protection in the superior judgment of the trustee, because the trustee is not empowered to exercise his judgment.  The cases properly describe him as a mere conduit.  But when the trustee is invested with a discretion however slight, he takes the place of the donor, and the trust committed to him is active.  A trust for the protection of the beneficiary, who may be a spendthrift, or a married woman, or a party in remainder, stands, of course, on a different footing, and is equally valid, whether the duties of the trustee are active or passive.  That this testator intended to create a trust in his real estate is clear, because he said that much when he devised it "in trust."  That he intended the trust to be active is equally clear, because he directed the trustee to pay over the "net income."  But the net income of real estate is only that portion which remains after the payment of taxes, repairs, and commissions, and a large measure of discretion is incident to the payment of at least one of these charges.  If the trustee should pay over the gross income to the cestui que trust, he would be liable for mismanagement.

The trust is a continuing trust for another reason.  The

estate in the children was an equitable estate for life, and the estate in remainder to their heirs was a legal estate. The two estates being of different qualities could not coalesce, and the rule in Shelley's Case did not therefore apply, and the trust was essential in order to protect the remaindermen: Little v. Wilcox, 119 Pa. 439.

Among other authorities establishing these plain propositions, McIntosh's Estate, 158 Pa. 528, decided that a devise to trustees with a direction to pay the rents, after deduction of taxes and repairs, to testator's grandsons, was an active trust. In Kountzleman's Estate, 21 W. N. 467, an active trust was implied from the direction to pay over the rents and profits. In Eley's Appeal, 103 Pa. 300, the devise was in trust to pay the income for life to A., and on his death to convey the fee to the proper heirs of A., and it included a power of sale in the trustee. The trust was held to be active and continuing. See also Livezey's Appeal, 106 Pa. 201.

The prayer of the petition is granted, and counsel will submit a decree specifying the trustee for whom they ask the appointment.

### DECREE.

And now, to wit, November 7, 1896, on motion of Charles E. Pancoast, Esq., the prayer of the above petition is granted, and A. Julian Hemphill is hereby appointed trustee under the will of William K. Hemphill, deceased, in place of trustees therein named who have renounced as set forth in said petition.

*Error assigned* among others was decree of the court, quoting it.

*Albert B. Weimer*, for appellants.—No case can be found in Pennsylvania in which the mere use of the words "net income," without more, has been held to create an active trust. If the decision of the orphans' court is sustained, this case will go further than any reported case on the subject.

Even if an active trust were created by the will, as the gift is of the net income to the heirs, a trust is created in the heirs of the body for an equitable estate in fee tail, which under the act of 1855 would be an equitable estate in fee, and the two

equitable estates would coalesce, and there would be created an equitable estate in fee, which would violate the rule against perpetuities.  The word "same" grammatically refers to the words "net income," and not the word "share."  To avoid such a result the will should be construed—as it very properly may—to give the first takers a legal estate in fee simple.

Heirs will be held equivalent to "heirs of the body," if there is a limitation over in default of heirs to a person who may be, or to several persons, some of whom may be, collateral heir or heirs to the first taker, the limitation over to collateral heirs showing that by "heirs" the testator meant "heirs of the body: " Theobald on Wills, 207 ; Harris v. Davis, 1 Collyer, 416 ; Webb v. Hearing, 2 Cro. 415 ; Seely v. Seely, 44 Pa. 434.

*Charles E. Pancoast*, for appellee.—The trust for the life of the sons is active : Perry on Trusts, sec. 59 ; Forster v. Abraham, L. R. 17 Eq. 351 ; Stambaugh's Est., 135 Pa. 585.

The remainder over is of the legal estate : Bacon's App., 57 Pa. 504 ; Livezey's App., 106 Pa. 201.

PER CURIAM, January 25, 1897 :

The learned judge of the orphans' court was clearly right in holding that the trust referred to in the petition of William J. Hemphill was active and continuing ; and hence there was no error in granting the prayer of the petitioner by appointing a trustee to fill the vacancy occasioned by the renunciation and refusal to act of those named as trustees in the will.

Nothing can be profitably added to what has been said on the subject of the court below.  On its concise and satisfactory opinion, the decree is affirmed and appeal dismissed at appellants' costs.