William D. Wolfinger, Executor and Trustee of Savilla Kenney, deceased, Appellant, *v.* Catharine E. Fell and William M. Watson et al.

*Trust and trustees—Active trust—Net income—Will.*

A trust to pay the net income of realty to the cestui que trust involves the exercise of discretion by the trustee and constitutes an active and continuing trust.

A gift of real and personal estate to a trustee to pay the " net rents and income thereof " to a daughter " during the term of her natural life," and at her death the principal to her children, but if she died " without having lawful issue " to testatrix's brothers, with power in the trustee to sell a part or all of the realty creates an active trust, and the daughter does not take a title in fee simple to the land, but her interest in the estate is nothing more than a right to have from the trustee while she lives the net rents and income thereof.

Argued Feb. 6, 1899. Appeals, Nos. 258, 259 and 260, Jan. T., 1898, by plaintiff, from judgment of C. P. Chester County, Jan. T., 1898, Nos. 45, 46 and 47, on verdict for defendants. Before GREEN, C. J., McCOLLUM, DEAN and FELL, JJ. Reversed.

Ejectments for land in Phœnixville. Before HEMPHILL, P. J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendants.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendants.

*J. Frank E. Hause,* with him *H. P. Waitneight,* for appellant. —The testatrix, in unmistakable language, devised her entire estate to her executor " in trust." This is a plain statement that she intended to create a trust: Hemphill's Est., 180 Pa. 96.

This shows a clear intention to create an active trust and to continue the title in the trustee for the purposes of the trust: Livezey's App., 106 Pa. 206; Hemphill's Est., 180 Pa. 96; Kuntzleman's Est., 136 Pa. 145; Earp's App., 75 Pa. 123.

If the trustee be a mere conduit through which the estate and its benefits shall reach the objects of the testator's bounty, the trust is dry, and the law will execute it; but if there are duties to perform in the interest of the estate, if discretion in the management and care of property is to be exercised by the trustee, the trust is active, and the law will continue it: Watson's App., 125 Pa. 340; Sims's Est., 130 Pa. 451; McIntosh's App., 158 Pa. 528.

*Alfred P. Reid,* for appellee.—An active trust, having no longer a proper object to serve, will cease when its only purpose has come to an end: Williams's Appeal, 83 Pa. 391; Megargee v. Naglee, 64 Pa. 216; Ogden's App., 70 Pa. 501; Smith v. Starr, 3 Wharton, 62; Hamersley v. Smith, 4 Wharton, 126; Harrison v. Brolaskey, 20 Pa. 299; Steacy v. Rice, 27 Pa. 75; Nice's App., 50 Pa. 143; Freyvogle v. Hughes, 56 Pa. 228; Koenig's App., 57 Pa. 352; Dodson v. Ball, 60 Pa. 492; Bush's App., 33 Pa. 85; Kuntzleman's App., 136 Pa. 151.

A devise of the rents, issues and profits of the land is a devise of the land itself so long as the lands are given: France's Est., 75 Pa. 220; Robinson's Est., 149 Pa. 425; Dunn & Biddle's App., 85 Pa. 94; Bristor v. Tasker, 135 Pa. 110; Gross's Est., 10 Pa. 360.

A devise of the entire estate to the executor in trust, the daughter's right to receive the income during her natural life, and the fact that the daughter was not contemplating marriage when the will was made, will not uphold a trust made for a purpose which the law declares unlawful: Yarnall's App., 70 Pa. 335.

OPINION BY MR. JUSTICE McCOLLUM, February 26, 1900:

The actions in the court below were ejectments to recover the land described in the writs. By agreement the three cases were tried together. It was the understanding of the parties and their counsel that the evidence presented on the trial would be applicable to all the cases, and that the title to the real estate

in controversy in each case was vested in fee simple in Savilla Kenney, who died May 8, 1893. Upon the evidence submitted the jury rendered verdicts for the defendants, on which judgments were entered. Catharine E. Kennedy, the decedent's daughter, married Byron M. Fell on February 17, 1897, and on June 1, following, they entered into articles of agreement with James E. Graff for the sale to him of the real estate Catharine claimed to have title to under the will of her mother. The sum or amount agreed to be paid for the land was $7,000, and on June 3, 1897, the sellers tendered to the buyer a deed of the property and demanded payment of the purchase money. The latter, admitting that the deed was sufficient in form, refused to accept it, or to pay the purchase money, on the ground that under the will of Savilla Kenney the estate of Catharine was a life estate, and not a fee simple, "and that she and her husband could not make a legal conveyance in fee simple of the said premises." Thereupon the parties agreed to submit their dispute to the court below to determine whether Catharine took, under the will, a life estate or an estate in fee simple, each party reserving the right of appeal from its decision to the Supreme Court. The court in an elaborate opinion decided that Catharine had, under the will of her mother, an estate in fee simple, and directed judgment to be entered accordingly.

The question raised on the appeals before us depends on the construction of the will of Savilla Kenney. The part of the will which relates to the property in dispute is important and may properly be included herein. It is as follows:

"I give, devise and bequeath all of my estate, real, personal and mixed of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, unto my executor hereinafter named, in trust nevertheless to pay the rents and income thereof unto my beloved daughter, Catherine E. Kenney, for her sole and separate use during the term of her natural life, without being subject or liable to or for the debts, contracts or engagements of any husband she may have or take, and immediately after the decease of her, my said daughter, then as to the principal, it is my desire and I direct that it shall go and be distributed to the child or children which she, my said daughter, may have, the lawful issue of any child to take the parents' share.

"In case of the decease of my said daughter without leaving lawful issue then I give, devise and bequeath all my estate or the residue thereof to such of my brothers as shall be alive at the time of her death alone, no issue of any deceased brother to take any part or share.

"In case it shall be found necessary or to the interest or for the preservation of my estate during the lifetime of said daughter, to do so, I hereby direct my executor to sell and dispose at public or private sale, either a part or the whole of my real estate for such price or prices and upon such terms and conditions as to him shall seem best, and to grant and convey the same to the purchaser or purchasers, his or their heirs and assigns forever, free and discharged from all trusts whatsoever and all liability to see to the application or nonapplication of the purchase money. The moneys arising from such sale to be invested in other real estate or safe securities at interest and to be held in trust for the same uses and purposes as above set forth.

"In order to effectuate this trust I do nominate, constitute and appoint my brother, William D. Wolfinger, now of the city of Reading, Berks county, Pa., my executor and trustee. In case he should die or become incapacitated or refuse to act then and in that event I name in his stead by brother Charles P. Wolfinger now of the city of Philadelphia, Pa."

It may be conceded that if the trust created by the will was for coverture only there would be room for the contention that by the will of her mother Catharine acquired an estate in fee tail, which under the act of April 27, 1855, "shall be taken and construed to be an estate in fee simple." The assumption that the trust is extinguished because there was no marriage in fact or in contemplation when the will was executed overlooks, and if sustained would defeat, the dominating purpose of the testatrix in the disposition of her property. In Kuntzleman's Est., 136 Pa. 142, so much of the trust as was for coverture only was inoperative, while that part of it which charged the trustees with the investment of the personalty and the control of the realty was held to constitute an active and continuing trust to pay to the testator's daughter the rents and profits accruing on one tenth part of his residuary estate during her life, and to protect the corpus of the estate for the parties entitled in remainder. In Hemphill's Estate, 180 Pa. 95, it was held that a

trust to pay the net income of realty to the cestui que trust involves the exercise of discretion by the trustee and constituted an active and continuing trust. Judge ASHMAN, in delivering the opinion of the orphans' court, said, "that this testator intended to create a trust in his real estate is clear, because he said that much when he devised it 'in trust.' That he intended the trust to be an active trust is equally clear because he directed the trustee to pay over the 'net income.' But the net income of real estate is only that portion which remains after the payment of taxes, repairs and commissions, and a large measure of discretion is incident to the payment of at least one of these charges. If the trustee should pay over the gross income to the cestui que trust he would be liable for mismanagement. The trust is a continuing trust for another reason. The estate in the children was an equitable estate for life, and the estate in remainder to their heirs was a legal estate. The two estates being of different qualities could not coalesce, and the rule in Shelley's case did not therefore apply; and the trust was essential in order to protect the remainder-men: Little v. Wilcox, 119 Pa. 439." The decision of the court below was affirmed on appeal to this court. Among the cases referred to in the cases above cited we notice Barnett's App., 46 Pa. 392, Bacon's App., 57 Pa. 504, Ashhurst's ·App., 77 Pa. 464, McIntosh's Est., 158 Pa. 528, Eley's App., 103 Pa. 300, and Livezey's App., 106 Pa. 201. To those we add Earp's App., 75 Pa. 119.

Savilla Kenney did not give, devise or bequeath any portion of her estate, real, personal or mixed, to her daughter Catharine, but she devised and bequeathed the same to her brother William D. Wolfinger, in trust to pay the "net rents and income thereof" to Catharine "during the term of her natural life," and at her decease to dispose of the principal in accordance with the testatrix's direction expressed in a part of the will included in this opinion. It will be seen upon an examination of the will that the powers and duties of the trustee are not limited to the payment to the cestui que trust of the net rents and income of the property, but that they extend to the sale of a part or all of the realty if the interest or preservation of the estate during the lifetime of Catharine requires it. The proceeds arising from the sales of the realty are to be invested in other

real estate or safe securities, and to be held in trust for the uses and purposes specified in the will.

The will of the testatrix discloses a clearly defined intention on her part that her estate shall be held in trust, during the lifetime of her daughter Catharine, and at her decease the same shall be disposed of in conformity with her direction therein. Catharine's interest in the estate is therefore nothing more than a right to have from the trustee while she lives the net rents and income thereof. The trust established by the will is an active and continuing trust, during the life of the party entitled to the net rents and income of the estate, and the validity of it cannot be successfully assailed. The specifications of error are sustained.

Judgment reversed, and judgment entered for the plaintiff in each case.

PER CURIAM:

Record amended as follows: Judgment reversed and judgment entered for the plaintiff in each case as of the date of filing the opinion.