## Deniston v. Deniston.

*Wills—Rule in Shelley's Case—Freehold estate—Income of trust —Active trust—Dry trust.*

1. The rule in Shelley's Case is not applicable unless under the deed or will a freehold estate is vested in the first taker.

2. Hence, when the interest of the first taker is only in the income of an active trust, the rule is not applicable, although the remainder is to his heirs.

3. A trust is active where, either expressly or by necessary implication, the trustee has active duties to perform, however slight those duties may be.

4. The rule in Shelley's Case does not apply if the first taker is only given interest in a portion of the income of the property, contingent, as to amount, on the happening of certain stated events.

Argued Oct. 17, 1918.  Appeal, No. 95, Oct. T., 1918, by Samuel W. Black, R. T. M. McCready and Union Trust Company of Pittsburgh, Executors of the Will of Letitia Deniston, deceased, from decree of C. P. Allegheny Co., Jan. T., 1915, No. 1928, awarding partition, in the case of Jeremiah Deniston and Mary A. Fleming v. James Deniston et al. and Union Trust Company of Pittsburgh, Executors of the Will of Letitia Deniston, deceased.  Before Brown, C. J., Frazer, Walling, Simpson and Fox, JJ.  Affirmed.

Bill in equity for partition of No. 439 Wood street, in the city of Pittsburgh.  Before Carpenter and Carnahan, JJ.

The facts appear in the opinion of the Supreme Court. The court awarded partition.

*Errors assigned* were the decree of the court and the action of the court in dismissing exceptions to findings of fact and conclusions of law.

*Thomas Patterson,* with him *R. T. M. McCready, Patterson, Crawford, Miller & Arensberg,* for appellants.— The rule in Shelley's Case should be applied: Shapley v. Diehl, 203 Pa. 566; McElwain v. Whitacre, 251 Pa. 279; Harrison v. Harris, 245 Pa. 397; Stout v. Good, 245 Pa. 383; George v. Morgan, 16 Pa. 95.

The trust was a dry trust: Carson v. Fuhs, 131 Pa. 256.

*John M. Freeman,* with him *S. R. McClure, H. F. Stambaugh,* and *Watson & Freeman,* for Henry Denis-

ton, appellee.—The trust created by the will was an active one and the rule in Shelley's Case has no application: Rife v. Geyer, 59 Pa. 393; Livezey's App., 106 Pa. 201; Hemphill's Est., 180 Pa. 95; Wolfinger v. Fell, 195 Pa. 12; Stambaugh's Est., 135 Pa. 585; Little v. Wilcox, 119 Pa. 439; Kuntzleman's Est., 136 Pa. 142.

The rule in Shelley's Case does not apply because the intent of the testatrix shows that the parties entitled in remainder shall take directly from her as purchasers and not from the life tenants as their heirs: Kemp v. Reinhard, 228 Pa. 143; Stout v. Good, 245 Pa. 383; Donovan v. Woodworth, 234 Pa. 507; Livezey's App., 106 Pa. 201, 205.

The use of the word "children" in describing the parties taking the remainder, is strongly indicative of the intent that they are to take as purchasers: Stout v. Good, 245 Pa. 383; Guthrie's App., 37 Pa. 9.

*Edmond Englert*, with him *Gordon Fisher*, for John Shannon, appellee.—Cited as to the application of rule in Shelley's Case: Stout v. Good, 245 Pa. 383; Lee v. Sanson, 245 Pa. 392; Harrison v. Harris, 245 Pa. 397; Shapley v. Diehl, 203 Pa. 566.

*Gordon Fisher*, with him *Dalzell, Fisher & Hawkins*, for appellees.—The will used words of purchase and not of limitation. The word children is prima facie a word of purchase: Guthrie's App., 37 Pa. 9; Affolter v. May, 115 Pa. 54.

If the word "issue" refers to issue living at a particular time, as, at the death of the first taker, the word issue must necessarily be construed to be a word of purchase, and the rule in Shelley's Case can have no application: Lee v. Sanson, 245 Pa. 392; Taylor v. Taylor, 63 Pa. 481.

The will contemplated a definite failure of issue: Beckley v. Riegert, 212 Pa. 91.

A gift of the income or rents from realty is not a gift of the realty itself: Rogers' Est., 245 Pa. 206; Follweiler's App., 102 Pa. 581.

*Robert E. Anderson* and *John A. Blair,* for Alice C. B. Smith, L. E. Walters, L. L. Johnson, and J. B. Deniston, appellees.—Cited as to the application of rule in Shelley's Case: Kemp v. Rinehard, 228 Pa. 143; Ault v. Karch, 220 Pa. 366.

OPINION BY MR. JUSTICE SIMPSON, January 4, 1919:

The action below was a proceeding in equity for partition of No. 439 Wood street, in the City of Pittsburgh. The only question raised is whether or not, under the will of Letitia Deniston, deceased, her son ·Henry and her daughters Ellen and Letitia, acquired a fee simple title in the property, by virtue of the .rule in Shelley's Case. The court below decided against that claim, and from its decree this appeal was taken. It is frankly admitted that if there was an active trust as to this property, the equitable life estate would not coalesce with the legal estate in remainder, and the rule would not apply.

Three paragraphs of the will must be considered. In the third paragraph, after the gift of another property to her son Henry, testatrix provides: "and in addition to the above devise I bequeath to him [Henry] during his lifetime one-seventh part of the net rents, issues and profits of my house, on the westerly side of Wood street, a short distance below 5th Street, in the City of Pittsburgh. The same, now and for some time past occupied by Messrs. Rineman. The other six-sevenths of the net rents of said Wood Street house to be divided equally between my daughters Ellen and Letitia, provided however, that should the net annual rent accruing from said premises, amount to over Seven hundred dollars exclusive of taxes, repairs, etc., the said Henry then to receive One hundred dollars annually and the

balance be equally divided between said Ellen and Letitia or their children. But in the event of either the said Ellen or Letitia dying without leaving issue surviving, in that event the survivor shall be entitled to three-fourths of said net rents during life and Henry to one-fourth, and in this proportion the fee shall go to their children at their decease."

In the sixth paragraph she provides: "To my executors hereinafter named and to the survivor of them and to the executor or administrators of such survivor I devise the aforesaid house and lot on Wood Street in the occupancy of Rineman, in trust nevertheless, and upon the express condition to permit and allow my said son Henry to receive to his own use during his life one-seventh of the net rents provided the same does not amount to over one hundred dollars annually, but, if so, then he to receive one hundred dollars annually and to permit and allow my said daughters, Ellen and Letitia to receive equally between them the balance of the net rents accruing from said premises during their lives, and in further trust at their decease to their right heirs in fee, provided however, that if either die without leaving issue surviving her, then and from thenceforth my said son Henry to receive one-fourth of the net rents and the surviving sister, whether Ellen or Letitia, three-fourths, and upon the death of the said survivor and the said Henry, then in trust for their right heirs in fee; but in the event of both Ellen and Letitia leaving lawful issue surviving, Henry to have no interest in said premises beyond that of his natural life."

In the ninth paragraph, after giving to her son the personal property on her farm, subject to the payment of her debts, she continues: "provided the same does not amount to over $50, but if so, then all my debts over and above that amount shall be paid out of rents accruing from my house on Wood Street prior to my son Henry or daughters Ellen and Letitia receiving any of said rents."

It will be noticed that there is no gift to the son and daughters of a freehold or any other interest in the property itself. Nor is there a gift to them of the gross rent from which there might be implied a gift of the property out of which the rent issues. This alone would prevent the operation of the rule in Shelley's Case; for there must be a freehold estate in the first taker, before the rule can operate at all. It is argued, however, that the conclusion stated depends on whether or not the will creates an active trust; for if it be a passive or dry trust, the statute executes the use, and the first taker would have a freehold estate. Assuming this to be so, the same conclusion is reached.

The only gift of the property is to the trustee. To the son and daughters is given but a portion of the net rents. The third paragraph specifies how these rents are to be ascertained, viz: after the payment of "taxes, repairs, etc." Some one must determine what repairs shall be made, and must pay the expense thereof, and the taxes. The sixth paragraph provides for this by devising the property to the executor as trustee.

Moreover, the son and daughters have no definite interest in the rents when ascertained. Under the ninth paragraph, in the contingency there expressed, testatrix's debts must be first paid out of those net rents before the son and daughters receive any thereof. And even after the debts are paid, neither the son nor the daughters have any fixed proportionate interest in the balance of the net rents. If that balance amounts to seven hundred dollars a year or less, the son gets one-seventh, and each of the daughters three-sevenths thereof. But if that balance exceeds seven hundred dollars a year, the son gets one hundred dollars thereout and each of the daughters one-half of the remainder.

It is clear, therefore, that the trust is an active one: Livezey's App., 106 Pa. 201; Hemphill's Est., 180 Pa. 95; Wolfinger v. Fell, 195 Pa. 12. The trustee must take possession of and lease the property, must collect

the rents, must determine what repairs are needed, must pay the "taxes, repairs, etc.," and must distribute the net rents thus ascertained in the manner hereinbefore specified.

Decree affirmed and appeal dismissed at the costs of appellants.