# King et al. *v.* York Trust Co., Appellant.

*Trust and trustee—Voluntary deed of trust—Revocation—Deed —Equity—Pleadings—Findings.*

1. Where a person executes an irrevocable voluntary deed of trust so as to place the property as far as possible beyond the reach of future creditors, and, at the same time and as a part of the same transaction, the trustee named in the deed executes a declaration of trust, declaring that he holds the property free from the claims of creditors, to use the income for the support of the settlor and his wife and children, and to pay the principal to the wife and children after the death of the settlor, or to collaterals if they do not survive, the two instruments are to be construed together so as to constitute an irrevocable active trust.

2. In such case, the beneficiaries take as purchasers, and not as legatees, and, as other children may be born, the settlor and his wife and children all of age cannot unite in a proceeding to have the trust revoked.

3. Nor can the ability of the settlor to take care of the estate be alleged as a ground for revocation, in the absence of a power of revocation.

4. On a bill in equity to revoke a voluntary deed of trust, a decree based on findings that a constructive fraud was perpetrated upon the settlor will not be sustained, where the bill makes no complaint of such fraud.

5. The absence of a power of revocation in a voluntary deed of trust does not tend to invalidate the trust, where the insertion of such power would defeat the object intended.

6. An expression of opinion, by a trustee in a voluntary irrevocable deed of trust, to the settlor, made after the execution of the deed, that the property could be returned to him when his sons became of age, is not ground for revoking the trust, where such statement could not change the legal effect of the prior transaction.

Argued May 15, 1923. Appeal, No. 249, Jan. T., 1923, by defendant, from decree of C. P. York Co., April T., 1921, No. 5, on bill in equity, in case of Charles A. King et al. *v.* York Trust Co. of York, Pa. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Bill in equity to revoke a deed of trust. Before Ross, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting record.

*George Hay K,ain,* with him *Richard E. Cochran,* for appellant.—Where a trustee accepts a trust and undertakes to carry out its provisions, it owes to those interested the duty of upholding the trust in the event of an attack made against it: Alexander's Est., 211 Pa. 124; Mead v. Sherwin, 275 Pa. 146.

The settlor declared the purpose of the transaction to be the freeing of his property from liability to his creditors, and this he could accomplish only by entirely divesting himself of control: Benedict v. Benedict, 261 Pa. 117; Rienzi v. Goodin, 249 Pa. 546; Nolan v. Nolan, 218 Pa. 135.

In the devolution of estates, the law presumes that the possibility of bearing children exists even when a woman has passed the age to which the ability to do so usually continues: List v. Rodney, 83 Pa. 483.

Since the intention of the settlor was to part with the legal title, the trust will be enforced in favor of the beneficiaries, although their enjoyment be postponed until the death of the settlor: Wilson v. Anderson, 186 Pa. 531; Lewis's Est., 231 Pa. 60; Shirk's Est., 242 Pa. 95; Stewart's Est., 253 Pa. 277.

*Jacob E. Weaver,* for appellees.—In such a deed, provisions for third parties, to take effect after the grantor's death, are testamentary, and therefore revocable, or they may be regarded as covenants for posthumous gifts, and as such nuda pacta: Frederick's App., 52 Pa. 338; Rick's App., 105 Pa. 528; Chestnut St. Nat. Bank v. Ins. Co., 186 Pa. 333; Coulter v. Shelmandine, 204 Pa. 120; O'Conner's Est., 273 Pa. 304.

No matter what may be the nominal duration of an estate given to a trustee, it continues in equity no longer than the thing sought to be secured by the trust, demands: Harrar's Est., 244 Pa. 542; Stafford's Est., 258 Pa. 595; Wood's Est., 261 Pa. 480; Behringer's Est., 265 Pa. 111.

If all parties who are or may be interested in trust property are in existence and sui juris, and all consent and agree thereto, a court of equity may decree a termination of the trust: Hallowell's Est., 28 Pa. Dist. R. 323.

OPINION BY MR. JUSTICE WALLING, June 23, 1923:

This is a proceeding in equity to set aside a trust. In 1903 Charles A. King and Rosie A. King, his wife, of York County, executed a trust deed of all the former's property, real and personal, to Henry A. Ebert. The deed is one of general warranty, with the following recital: "Whereas, said Charles A. King is desirous of vesting all his estate, real, personal and mixed, voluntarily into the absolute control of a trustee feeling that he is not able to manage said estate and save it from loss, and to place his estate so that it shall be as free as the law can make it from creditors, both as to principal and

as to income." At the same time and as part of the same
transaction Mr. Ebert executed a formal declaration of
trust reserving to himself complete powers of manage-
ment, sale, investment, reinvestment, etc., and further
providing that "the [net] income thereof be held for the
reasonable support of the said Charles A. King, his wife,
Rosie A., and their children during the life of the said
Charles A. King, said principal and said income both to
be as free as the law can make them from attachment by
creditors or in any wise liable to the debts of the said
Charles A. King, the purpose of this trust being to pro-
vide an assured living for the said Charles A. King and
wife and children, free from any interference by any
creditor for any debt contracted subsequent to the cre-
ation of this trust. If there be any income above what is
needed for the reasonable support of the said Charles A.
King and wife and children, such excess shall be invested
to the best advantage of the said Charles A. King and
his estate, and to possess the same freedom from inter-
ference by creditors as the original corpus of this trust.
After the decease of the said Charles A. King the whole
of said residue so to be invested as aforesaid, being the
principal or corpus of said fund, is to be distributed
among the said Rosie A. King, wife of said Charles A.
King, and their children, in accordance with the intes-
tate laws of the State of Pennsylvania, and if none of
them survive him the same to descend to the collateral
heirs of the said Charles A. King under the intestate
laws of the State of Pennsylvania." The trust declara-
tion was acknowledged by King and wife as well as by
Ebert, and the trust so created was executed in all re-
spects by the trustee until his death in 1918. Prior
thereto, in 1910, King and his wife, to correct certain
errors of description in the former deed, executed an-
other deed to Ebert subject to the same trust. After
Ebert's death, Mr. and Mrs. King presented their pe-
tition to the Court of Common Pleas of York County set-
ting forth the creation, execution, etc., of the trust, and

—further, "That, by reason of the death of the said Henry A. Ebert, trustee as aforesaid, and of the nature of the trust, it is imperative that a new trustee for said trust be appointed forthwith." Thereupon the court appointed the York Trust Company, of York, Penna., the defendant, as trustee in place of Ebert. In 1921 Mr. and Mrs. King and their only children, two adult sons, filed this bill praying for a revocation of the trust; later, by amendment, a half sister of Mr. King was joined as a plaintiff. From bill, answer and testimony, the chancellor made findings of facts and legal conclusions, upon which, in due course, a final decree was entered granting the relief prayed for; thereupon defendant brought this appeal.

The decree cannot be sustained. The deed and declaration of trust, being parts of the same transaction, must be considered together (Greenfield's Est., 14 Pa. 489) and prima facie constitute an irrevocable active trust. Among the cases supporting this conclusion are Greenfield's Est., supra; Potter v. Fid. Ins. Trust, etc., Co. (No. 1), 199 Pa. 360; Rynd v. Baker, 193 Pa. 486; Knowlson et ux. v. Fleming, 165 Pa. 10; Merriman v. Munson, 134 Pa. 114; Jones v. Jones, 252 Pa. 553; Wilson v. Anderson, 186 Pa. 531. The opinion by Mr. Justice DEAN in the last case reviews many of the earlier decisions and sustains the irrevocability of such a trust. One reason for the rule is that the object, to place the property beyond the reach of future creditors of the settlor, can be accomplished only by complete divestiture of his ownership therein and a vesting of the equitable interest in the beneficiaries: see Benedict v. Benedict, 261 Pa. 117; Rienzi v. Goodin, 249 Pa. 546; Nolan v. Nolan, 218 Pa. 135. It was within King's power as absolute owner to create such a trust (Russell's App., 75 Pa. 269) and the presumption is the deed and declaration were intended to accomplish their avowed purpose. The beneficiaries thereunder take as purchasers, not as legatees, the instruments not being testamentary: see

Brown v. Mattocks, 103 Pa. 16; Cable v. Cable, 146 Pa. 451.

Plaintiffs invoke the rule, applicable in many cases (see Stafford's Est., 258 Pa. 595; Harrar's Est., 244 Pa. 542; Wood's Est., 261 Pa. 480), that a trust may be terminated by consent of all the beneficiaries, but here it is impossible to determine until the settlor's death who the ultimate beneficiaries will be. Mr. and Mrs. King may have other children, or Mr. King may survive his wife, all of his children and the sister, in which case his other collateral relatives would be the beneficiaries; so it cannot be now determined that all the parties in interest are before the court: see Lewis's Est., 231 Pa. 60; Shirk's Est., 242 Pa. 95.

The only ground upon which the revocation is asked, as stated in the bill, is that the settlor has become competent to care for his own property, which fact is found by the chancellor. This might sustain the decree if the deed contained a power of revocation, but it does not, and, being in equity, the relief granted must be confined to the pleadings as well as to the proofs: Barnard et al. v. Kell et ux., 271 Pa. 80; Modern Baking Co. v. Orringer, 271 Pa. 152, 157. Here the chancellor and lower court fell into error, for the decree is based upon findings outside of the pleadings. For example, the chancellor finds the settlor did not know the nature of the transaction by which the trust was created, that he was without independent advice and, in effect, that a constructive fraud was perpetrated upon him; while the bill makes no such complaint. Moreover, in the face of the deed and declaration of trust, executed by the settlor and his wife in 1903, their deed of confirmation in 1910, their petition to the court for a new trustee in 1919, reciting the entire transaction, together with their receipt of the rents, income, etc., from the trustee for eighteen years, a finding that they did not know the nature of the transaction is untenable. Again, there is no suggestion anywhere of a confidential relation between King and the

York Trust Company, yet at his instance it was appointed trustee on the identical terms named in the original deed and declaration. True, equity will often grant relief against a trust improvidently or mistakenly created, but none of the cases so holding is parallel to the present, and no relief is here asked upon such ground; furthermore, this is not the case of an estate given to strangers.

The absence of a power of revocation does not tend to invalidate the trust, where as here the insertion of such power would defeat the object intended: Willard v. Integrity Tr. Co., 273 Pa. 24, 29; Neal v. Black, 177 Pa. 83; Reidy v. Small, 154 Pa. 505; and see Reese v. Ruth, 13 S. & R. 434, 435. There is some evidence that after the trust was created the trustee told the settlor when his sons came of age the property could be returned to him; but, if so, it was a mere expression of opinion and could not change the legal effect of the prior transaction, and there is nothing in the record to cause doubt as to the good faith of either trustee.

The decree is reversed and plaintiff's bill is dismissed, the costs here and in the court below to be paid by defendant out of the funds of the trust estate.