Sheasley Trust.

Argued September 28, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*J. V. Frampton,* with him *John F. Budke, John L. Cecil,* and *Frampton & Courtney,* for appellant.

*Robert M. Dale,* with him *H. Carl Wasson* and *Nesbit & Wasson,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, January 2, 1951:

Jacob Sheasley was the owner of certain real estate in Franklin, Venango County. In 1918, for a stated consideration of $20,100, he executed and delivered a deed for this, together with certain personal property, to his sons Charles H. Sheasley and Jacob J. Sheasley. Contemporaneously therewith the grantees executed a Declaration of Trust in which, after reciting their father's deed to them, they acknowledged and declared that the property so conveyed was to be held by them in trust: first, to pay to Jacob Sheasley during his lifetime all the income from the property as well as the proceeds of any sale of all or any part of it, reserving to him the right to manage, lease, sell or otherwise dispose of any or all of it and receive the entire income or proceeds; second, after the death of Jacob Sheasley (a) to hold the property for the use and benefit of all of his children, share and share alike, with the right, authority and power to sell all or any part of it at their discretion; (b) to pay to Jacob Sheasley's children, share and share alike, the entire net income or profits derived from the property, semi-

annually; (c) to pay to his children, share and share alike, the proceeds received from the sale of any or all of the property, immediately following such sale or sales; (d) should any of the children die, leaving issue, such surviving issue to receive the share the parent or parents would have received if living, share and share alike.

Jacob Sheasley died in 1928, leaving six children, five of whom have since died—Thomas B. Sheasley, Charles H. Sheasley, Emma L. Burns, George R. Sheasley, and Margaret S. Janion; all of them left issue surviving. After the death of Jacob Sheasley, the settlor of the trust, the two sons who were his trustees distributed the income to his children or their surviving issue. In 1934 C. G. Neely was appointed successor trustee and thereafter he continued to distribute the income to the children or their surviving issue but he did not file any account of his administration of the trust after his first triennial account filed and confirmed in 1937. Virginia Sheasley, daughter of Charles H. Sheasley, filed a petition in the orphans' court for the grant of a citation to Neely to show cause why he should not account for his administration of the trust and distribution of the income after 1937 and distribute to the petitioner her proper share thereof. Neely thereupon filed a second administration account and a distribution account for the period from 1937 to the end of 1947, and explained that he had not made any distribution of income since 1941 because he desired first to obtain the entry of a decree of the court that would protect him as to the identity of the persons entitled to participate in such distribution and the share to which each beneficiary was entitled. A hearing was held at which it appeared that in 1933 Charles H. Sheasley had conveyed to the Franklin Trust Company, as collateral security for a loan, all his right, title and

interest to or under Jacob Sheasley's will and in or to any property of which Jacob Sheasley died seized, whether such right, title and interest was acquired by Charles H. Sheasley as legatee under the will or as an heir of Jacob Sheasley. It also appeared that in 1932 Alexander C. Sheasley, son of George R. Sheasley, deceased, had made a similar conveyance to the Franklin Trust Company. The Franklin Trust Company assigned to the Federal Deposit Insurance Corporation the interests acquired by virtue of these conveyances. The Federal Deposit Insurance Corporation thereupon claimed that the deed from Jacob Sheasley to his two sons and their contemporaneous Declaration of Trust did not constitute a valid trust inter vivos and that the property which was the subject thereof therefore remained in the ownership of Jacob Sheasley and was disposed of by his last will and testament wherein he devised and bequeathed one-sixth of his residuary estate to Charles H. Sheasley and one-sixth in trust for George R. Sheasley for life and at his death to his children, one of whom was Alexander C. Sheasley. If it were true that the shares of Charles H. Sheasley and Alexander C. Sheasley were acquired by them under the will of Jacob Sheasley and not under the allegedly invalid deed of trust those shares would have passed under their conveyances to the Franklin Trust Company and from it to the Federal Deposit Insurance Corporation; accordingly the latter claimed that it should be awarded the income which would otherwise have been distributable to Charles H. Sheasley and Alexander C. Sheasley.

This contention of the Federal Deposit Insurance Corporation raises the only question at issue in this case, namely, whether the deed from Jacob Sheasley to Charles H. Sheasley and Jacob J. Sheasley and their contemporaneous Declaration of Trust created a valid

trust inter vivos. The attack upon it is made upon three grounds: (1) that it imposed no active duties on the trustees and was therefore a dry or passive trust; (2) that because of the reservation by Jacob Sheasley of the right to manage, lease, sell or otherwise dispose of the property it was testamentary in character; and (3) that it violated the rule against perpetuities. We are in accord with the decision of the court below that all these contentions must be rejected, that the trust was valid, and that the income should be distributed to the beneficiaries as therein provided.

The deed from Jacob Sheasley and the grantees' Declaration of Trust must be construed together with the same force and effect as if they constituted a single instrument: *King v. York Trust Co.*, 278 Pa. 141, 122 A. 227. The trust thereby established was not a dry or inactive trust. The trustees were to pay to the settlor's children the *net income or profits derived from the property*. The "net income" of real estate is only that portion which remains after the payment of taxes, repairs and commissions, and a large measure of discretion is incident to the payment of at least some of those charges. The trustees were thus given active duties to perform by necessary implication: *Barnett's Appeal,* 46 Pa. 392, 399; *Hemphill's Estate,* 180 Pa. 95, 36 A. 409; *Wolfinger, Executor & Trustee, v. Fell,* 195 Pa. 12, 16, 45 A. 492, 493; *Simonin's Estate,* 260 Pa. 395, 397, 103 A. 927, 928; *Deniston v. Deniston,* 263 Pa. 224, 229, 106 A. 200, 201; *Beirne v. Continental-Equitable Title & Trust Co.,* 307 Pa. 570, 576, 577, 161 A. 721, 722, 723. It may be added that even if the trust were a passive one the settlor would not thereby have retained title to the property. Such a trust would have been executed by the Statute of Uses, which is in force in Pennsylvania, and the legal title to the interests therein granted

would have become vested in the beneficiaries: *Sheridan v. Coughlin,* 352 Pa. 226, 229, 42 A.2d 618, 620; *Overbeck v. McHale, Trustee,* 354 Pa. 177, 179, 180, 47 A.2d 142, 143, 144; *Lowitz Estate,* 360 Pa. 91, 93, 61 A.2d 342, 343.

The beneficiaries acquired immediate interests in the trust even though the enjoyment of those interests was postponed until the death of the settlor. The trust was not testamentary in character. It is immaterial that the settlor reserved therein a life estate to himself and the right to sell the property and retain the proceeds. A trust is not testamentary merely because the settlor reserves a beneficial life interest and in addition a power to revoke the trust in whole or in part or to modify its terms; if the right thus reserved is not exercised during the life of the settlor the validity of the trust remains unaffected: *Dickerson's Appeal,* 115 Pa. 198, 210, 8 A. 64, 69; *Lines v. Lines,* 142 Pa. 149, 167, 21 A. 809, 810; *Windolph v. Girard Trust Co.,* 245 Pa. 349, 368, 369, 91 A. 634, 640; *Beirne v. Continental-Equitable Title & Trust Co.,* 307 Pa. 570, 576, 161 A. 721, 722; *Shapley Trust,* 353 Pa. 499, 46 A. 2d 227; *McKean Estate,* 366 Pa. 192, 77 A. 2d 447; *Lyon Trust,* 164 Pa. Superior Ct. 140, 144, 63 A. 2d 415, 417. In *Tunnell's Estate,* 325 Pa. 554, 190 A. 906, a trust was held testamentary where the settlor made himself the trustee and reserved not only a beneficial life estate and a power to revoke and modify the trust but also the right to deal in any way with the property as long as he lived; the subject of the trust consisted of bonds registered in the donor's own name as trustee for two named beneficiaries; in an informal letter to a bank he stated that, after his death, his executor was to transfer the bonds to the two persons so named. In the present case, however, the reservation of the right to "manage" contained in the trust declara-

tion cannot be construed as making the trust testamentary in character. "In determining whether the reserved powers are so great as to make the trustee an agent of the settlor, one of the factors to be considered is the formality of the transaction. Thus, if the transfer to the trustee was by a deed formally executed and recorded, the conclusion that the trustee was also the agent of the settlor would be less likely to be drawn than if the transfer were less formally evidenced": Restatement, Trusts, §57, comment g.

The final objection made to the validity of the trust is that it violated the rule against perpetuities. There can be no doubt, however, but that, according to its provisions, the income from the property was to be paid to the children of the settlor and their surviving issue until the death of the last surviving child. The trustee's present account deals only with the distribution of the income among those life beneficiaries and we are not now concerned with any problem of title after the last surviving child's death. If the property has not meanwhile been sold all the parties in interest can be brought upon the record at that time and questions of title determined in the light of the rule against perpetuities and other relevant considerations: *Quigley's Estate,* 329 Pa. 281, 198 A. 85; *Yewdall's Estate,* 343 Pa. 478, 23 A.2d 460.

The decree is affirmed at appellant's costs.