Eaves *v.* Snyder, Appellant.

Argued October 2, 1951. Before Drew, C. J., Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

*C. Francis Fisher,* with him *Brenlove, Mamula & Fisher,* for appellant.

*Martin L. Moore, Jr.,* with him *J. M. Stoner & Sons,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, November 13, 1951:

On February 24, 1948 the plaintiff, Mildred Eaves, formerly Mildred Snyder, brought a proceeding in equity under the Act of May 10, 1927, P.L. 884, 68 PS §501[1] et seq., against the defendant, Henry L. Snyder, Jr., to procure a sale of real estate which the plaintiff alleged was acquired by the two of them as tenants by entireties. Their marriage was terminated by a decree of divorce on April 12, 1938. After answer, replication and dismissal of preliminary objections to the replication, the case was heard, testimony taken and on January 26, 1951 the trial judge handed down an adjudication granting plaintiff the relief sought. The court *en banc* after sustaining some and dismissing other exceptions to the decree *nisi,* entered a final decree upholding the adjudication of the trial judge, from which the defendant appeals.

The undisputed facts disclose that on May 22, 1932 Henry L. Snyder, Sr., father of the defendant, conveyed the house and lot involved to the defendant, Henry L. Snyder, Jr., and Mildred Snyder, his then wife, now Mildred Eaves, the plaintiff. Simultaneously with the execution of this deed, plaintiff and defendant, the grantees therein, executed a declaration of trust covering the property conveyed. In the trust instrument captioned "Deed of Trust" plaintiff and defendant

---

[1] "Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, either of such tenants by entireties may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. . . ."

acknowledged and confirmed that they held the property "in trust only for the use and benefit of Henry L. Snyder, his heirs, executors, administrators and assigns," and agreed to grant and convey the property unto any person or persons that Henry L. Snyder, Sr. might designate and further acknowledged that they had not paid any consideration "but merely hold the property in trust for the said Henry L. Snyder, or his heirs and assigns;". The conveyance to plaintiff and defendant was recorded on July 6, 1932, but the declaration of trust was not recorded until March 8, 1938. In the meantime, on September 21, 1932, within five months after the delivery of the deed, Henry L. Snyder, Sr. filed a voluntary petition in bankruptcy.

No exception was taken to the chancellor's finding that there was no valuable consideration given for the conveyance by Henry L. Snyder, Sr. to the plaintiff and defendant nor to the chancellor's finding that "The execution, acknowledgment and delivery of the declaration of trust was the free act of plaintiff and defendant. They fully intended that Henry L. Snyder, Sr. should retain full control of the premises for his own benefit."

The declaration of trust was not recorded until 6 years after Henry L. Snyder, Sr. became a voluntary bankrupt. In the schedule of assets filed by him as a bankrupt he disavowed ownership of any real estate, although the unrecorded declaration of trust was then outstanding. No testimony was adduced to disclose the purpose of the giving of the deed and the declaration of trust or of the belated recording of the latter instrument but under the admitted facts of public record the chancellor found that Henry L. Snyder, Sr. conveyed the property to plaintiff and defendant with actual intention to defraud his present and future creditors. The defendant claims the property as an heir and assignee of other heirs of Henry L. Snyder, Sr. The

present proceeding by the plaintiff was not instituted until 16 years after the transaction in question.

The court below held that the declaration of trust was unenforceable because Henry L. Snyder, Sr. by the transaction intended to defraud creditors. Having found the declaration of trust unenforceable by defendant, the decree of the lower court in plaintiff's favor necessarily gives efficacy to the deed alone.

The decree must be reversed. The court fell into error in treating the two instruments separately. A deed and contemporaneous declaration of trust by a grantee must be construed together with the same force and effect as if they constitute a single instrument: *Sheasley Trust,* 366 Pa. 316, 77 A. 2d 448; *King v. York Trust Co.,* 278 Pa. 141, 122 A. 227. So considered, the result of the transaction which unquestionably created a dry trust was to vest the naked legal title in plaintiff merely for conveyance back to Henry L. Snyder, Sr., the grantor. As said in *Sheridan v. Coughlin,* 352 Pa. 226 at p. 229, 42 A. 2d 618: "Such a trust in Pennsylvania, is a passive or dry trust executed by the statute of uses . . . The statute is in force in Pennsylvania (Robert's Digest of Select British Statutes (1847) p. 413) and provides, 'Where any person . . . be seized . . . of . . . lands . . . to the use . . . of any other person . . . every such person . . . shall from henceforth . . . be seized . . . of . . . the same . . . lands . . . in such like estates as they had . . . in use.' "

In the instant case both the legal and equitable estates became immediately vested in Henry L. Snyder, Sr., the beneficiary of the trust. The plaintiff and defendant never acquired title by the entireties but as trustees only of the dry or passive trust.

Henry L. Snyder, Sr.'s creditors may have been deceived and defrauded by the transaction since the deed was recorded prior to the filing of the petition in bank-

ruptcy, and the declaration of trust was not filed until more than two years after the bankruptcy proceedings were closed, but this does not serve to bestow upon plaintiff a title which was neither intended nor accomplished by the transaction.

It is well settled that a deed intended to defraud creditors, although void as against creditors, yet is valid, as against the grantor, or those claiming under him, and that the fraudulent grantor or his privies cannot enforce a promise of conveyance. This principle is applicable generally where there is a mere agreement to reconvey or where it is sought to establish a resulting or constructive trust. It is not applicable where, as here, the integrated transaction vested both legal and equitable estates in the grantor.

Decree reversed. Costs to be paid by appellee.