**Graham Estate**

*Edward D. McLaughlin,* for accountant.

*George H. Class* and *Sabato M. Bendiner,* for exceptant.

*W. Wilson White,* United States Attorney, and with him *G. Clinton Fogwell, Jr.,* Assistant United States

Attorney, and *Francis Ballard*, Assistant United States Attorney, for Department of Justice.

VAN RODEN, P. J., August 13, 1954.—The first and final account of the executrix of decedent's estate has been confronted by objections filed on behalf of the surviving spouse.

Decedent devised and bequeathed her entire estate unto her three children in equal shares.

By written election duly filed of record, the surviving spouse elected to take against the will. Likewise, the surviving spouse filed a written notice of election pursuant to the provisions of section 11 of the Estates Act of April 24, 1947, P. L. 100, 20 PS §301.11, claiming an interest in the funds on deposit in the Philadelphia Savings Fund Society in account no. 1,959,617, registered in the name of decedent in trust for her children, and also claiming an interest in the proceeds of three United States savings bonds, series "E", registered in the name of decedent and payable on her death to her children.

As of the date of death, there was a balance of $1,996.88 on deposit in the savings account. Each of the three savings bonds had a maturity value of $500, with a redemption value of $490 as of the date of decedent's death.

The objections relate to the failure of the accountant to include the balance on deposit in the aforesaid bank account as an asset of the estate, and also to the credits claimed in the account by the accountant for distribution of the savings bonds to the respective beneficiaries designated therein.

Thus, by filing the notice of election under section 11 of the Estates Act and by filing the aforementioned objections to the account, the surviving spouse has raised the issue whether he is entitled to share in the proceeds of the redemption of the bonds and the bank account. These questions will be considered separately.

With respect to the question relating to the savings bonds, the United States of America was granted leave to intervene as a party in interest in order to assert the applicability of certain regulations of the United States Treasury Department relating thereto.

The undisputed facts are that in February of 1953 decedent purchased the three United States savings bonds in question, each being a series "E" bond, having a maturity value of $500, registered in decedent's name and "payable on death" one to each of her three children. Such bonds are commonly referred to as "p. o. d." bonds. The question to be decided by this court is whether a United States savings bond, payable on the owner's death to a specifically designated beneficiary, is subject to the right under Pennsylvania law of the spouse of the deceased owner to treat same as a testamentary disposition, in view of decedent's retention of "a power of revocation or consumption over the principal thereof".

Section 11 of the Estates Act of April 24, 1947, P. L. 100, 20 PS §301.11, reads as follows:

"A conveyance of assets by a person who retains a power of appointment by will, or a power of revocation or consumption over the principal thereof, shall at the election of his surviving spouse, be treated as a testamentary disposition so far as the surviving spouse is concerned to the extent to which the power has been reserved, but the right of the surviving spouse shall be subject to the rights of any income beneficiary whose interest in income becomes vested in enjoyment prior to the death of the conveyor."

The owner of a p. o. d. bond undoubtedly has the right to redeem same in his lifetime, without the consent of the designated beneficiary. To such extent he undoubtedly has a power of revocation or consumption with respect to the gift to the designated beneficiary. On the other hand, if he fails to exercise his right to

redeem during his lifetime, such right is not exercisable after his death, by his personal representative or by any person other than the designated beneficiary. This is pursuant to section 315.4(a)(3) of the Treasury Department regulations governing savings bonds, which provides for the registration of such bonds in the name of one person payable on death to another, and section 315.46(c), which provides that if the registered owner shall die without having presented the bond for payment, "the beneficiary will be recognized as the sole and absolute owner of the bond."

Section 315.13 of the regulations provides that judicial proceedings which would defeat or impair rights of survivorship conferred by the Federal regulations shall not be recognized. The regulations enjoy the status of Federal law (United States v. Birdsall, 233 U. S. 223; United States v. Janowitz et al., 257 U. S. 42), and as such are the "Supreme Law of the land": Constitution, art. VI, cl. 2. Thus, the rights of a surviving spouse under Pennsylvania law to treat certain transfers as testamentary dispositions must therefore be subservient to the beneficiaries' rights under the Treasury regulations. The doctrine of the supremacy of Treasury bond regulations over State or local laws governing the distribution of decedents' estates has been recognized in Pennsylvania: Pifer's Estate, 53 D. & C. 103 (1945); Evan's Estate, 57 D. & C. 55 (1945); Thomas v. McGroarty, Admx., 69 D. & C. 108 (1948); United States v. Dauphin Deposit Trust Co., 50 F. Supp. 73 (1943).

In the case of In re Kalina's Will, 53 N. Y. S. 2d 775 (1945), appeal dismissed 59 N. Y. S. 2d 525 (1946), it was held that the designation of beneficiary payable on death of the registered owner of a United States savings bond must be given effect notwithstanding any claim that the purchase of the bond constituted a transfer in fraud of the rights of the widow of the registered

owner. The court holds, therefore, that the executrix of decedent's estate was duly bound by Federal law to turn the bonds over to the respective designated beneficiaries and that the election of the surviving spouse under section 11 of the Estates Act was ineffective with respect to such bonds. Accordingly, the objection to the account relating to the bonds must be dismissed.

With respect to the bank account which was in the name of decedent "in trust" for her children, it seems evident that this was a "tenative trust", and that decedent had full right to withdraw all or any part of the balance on deposit at any time prior to her death.

Thus, the bank account in question meets the definition of a "conveyance of assets by a person who retains . . . a power of revocation or consumption over the principal thereof", and to such extent may be treated as a testamentary disposition by the surviving spouse. In the instant case, counsel for the accountant strenuously argued that section 11 of the Estates Act is applicable only to a widow and not to a surviving husband, since the act specifically refers to "the election of *his* surviving spouse". Counsel further points out that the Estates Act of 1947 contains no provision that the word "his" shall include "her", nor any provision that the word "masculine" shall include the "feminine" or "neuter". While such statement may be literally correct, this court cannot be oblivious to the mandate of the legislature, as expressed in section 32 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §532, which requires that in the construction of the laws of this Commonwealth "Words used in the masculine gender shall include the feminine and neuter". We hold, therefore, that all of the rights conveyed upon a widow by section 11 of the Estates Act of 1947 are likewise available to a surviving husband.

It is next argued by counsel for the accountant that section 11 of the Estates Act of April 24, 1947, P. L.

100, is applicable only to conveyances made after its effective date of January 1, 1948. This position is entirely sound: McKean Estate, 366 Pa. 192 (1951). However, in Black Estate, 73 D. & C. 86 (1950), this court, while recognizing that section 11 of the Estates Act of 1947 is not applicable to conveyances made theretofore by a decedent who died thereafter, nevertheless, we held that under the preëxisting common law the surviving spouse of a person who makes a savings deposit upon a tentative trust can reach the deposit. The distinction between the respective situations in McKean Estate and Black Estate is that the former involved a conventional revocable trust while the latter involved a tentative trust. With respect to a revocable trust, while the power of revocation has not been exercised by settlor, the validity of the trust remains unaffected, as though there had never been a reserved right or revocation: Dolan's Estate, 279 Pa. 582, 49 A. L. R. 858 (1924), Sheasley Trust, 366 Pa. 316 (1951).

The beneficiary of a revocable trust created prior to January 1, 1948, was vested with rights which could not be destroyed or affected by the retroactive application of the Estates Act of 1947: McKean Estate, supra. In a tentative trust, however, the beneficiary has no vested rights prior to the death of the depositor, and the reserved power of control by the depositor is complete and he likewise retains full power of control as to the details of the administration of the "trust". It follows that the arrangement is testamentary in character, with distribution intended to take effect only after death. Cf. Pengelly Estate, 374 Pa. 358 (1953).

Accordingly, the court holds that the surviving spouse is entitled to a one-third share of the balance on deposit in the bank account, and the objection of the surviving spouse relating to the failure of the

accountant to charge herself with such bank account is hereby sustained. In making distribution, the accountant will be required to pay over and deliver unto the surviving spouse a one-third share of decedent's entire distributive estate, including the balance on deposit in the bank account.