# Towne's Estate.

*Wills—Life estates—Sole and separate use trusts—Active trusts
—Construction—Intention.*

A testator bequeathed to a trustee $300,000 "to hold the same in trust for the sole and separate use of my daughter......during her natural life, and from and after her decease to hold the same to and for the use and benefit of such child or children as she may leave," payment of income to be made only on her individual receipt or order. The trustee was given active duties to perform and was required by the will to exercise discretion as to investments. Testator further provided that in the event of the death of said daughter "without leaving issue, then the said trust-fund of said decedent shall revert to and form part of my residuary estate." The residue was given to a charity. The daughter, who had become discovert and had had issue living, petitioned for the termination of the trust alleging that the trust was dry and that under the rule in Shelley's Case she had an absolute interest in the fund. The lower court decided that the trust was an active one, that the issue of the daughter took by purchase, not by inheritance, and dismissed the petition. *Held,* no error.

Argued Jan. 18, 1918.   Appeal, No. 255, Jan. T., 1917, by Helen C. Jenks, from decree of O. C. Philadelphia Co., Jan. T., 1910, No. 179, dismissing petition for the termination of a trust, In Estate of John H. Towne, Deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.  Affirmed.

Petition for the termination of a testamentary trust.

From the record it appeared that the will of testator was in part as follows:

"I further give and bequeath unto the said The Fidelity Insurance, Trust and Safe Deposit Company the sum of $300,000, to hold the same in trust for the sole and separate use of my daughter, Helen C. Jenks, wife of Dr. William F. Jenks, during her natural life, and from and after her decease to hold the same to and for the use and benefit of such child or children as she may leave.

"I also give and bequeath unto the said The Fidelity Insurance, Trust and Safe Deposit Company the further sum of $300,000, to hold the same in trust for the sole and separate use of my daughter, Alice M. Towne, during her natural life, and from and after her decease to hold the same to and for the use and benefit of such child or children as she may leave. In the event of the decease of either of my said daughters without leaving issue, then the said trust fund of said decedent shall revert to and form part of my residuary estate.

"I also give and bequeath to the said The Fidelity Insurance, Trust and Safe Deposit Company the further sum of $150,000, to hold the same in trust for the sole and separate use of my son, Henry R. Towne, during his natural life, and from and after his decease to hold the same to and for the use and benefit of such child or children as he may leave. Should my said son die without leaving issue, then said trust fund shall revert to and form part of my residuary estate.

"I also give my said son the sum of $50,000. I also cancel and release to my said son all his indebtedness to me for money loaned to him to pay for his interest in the Yale Lock Manufacturing Company, of Stamford, Connecticut, to pay for the house and furniture where he now resides, and for repairing and improving the same, and for any other indebtedness, if such there be, existing at this time. I further give and transfer to him all my interest in the stock of the said Yale Lock Manufacturing Company, and also all of the indebtedness of the said company to me, valuing these gifts to him at $100,000,

and making his portion of my estate the same as that of my other children.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"The interest or income from all the trusts I have made in this will to be paid in quarterly payments to those entitled to receive them, only on their own individual receipts or order, executed on or after the days when they shall become due and payable.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"All the rest and residue of my estate, and the reversion and remainder thereof, I give and bequeath unto the Trustees of the University of Pennsylvania, to be held by them as part of the endowment fund of that institution, the income to be used exclusively for paying the salaries of professors and other instructors in the Department of Science."

GUMMEY, J., filed the following opinion:

If this testator, in creating a trust for his daughter, Helen C. Jenks, had intended to use the words "sole and separate use" in the restricted sense of a trust for her during coverture only, it is unlikely that he would have used the same words in creating a similar trust for his son; an examination of the will shows, however, beyond a doubt, that the protection of his daughter's estate from the control of her husband (now dead) was only one of the objects which the testator had in mind; for the gift is in trust "during her natural life"; it is safeguarded by a provision that payments of income shall be made only on her individual receipt or order (see Boyd's Est. No. 1, 199 Pa. 487, 491) ; the trustee has active duties to perform; he is required by the will to exercise a discretion as to the retention of investments, and finally, the will provides that in the event of the death of Mrs. Jenks without issue, the trust fund shall revert to and form part of the testator's residuary estate which he gave to the University of Pennsylvania; and this, of itself, is sufficient reason for sustaining the trust, as it is well established that a trust for the protection of a future interest

is valid and will not be stricken down even in the case of a superimposed trust for a separate use (Denis's Est., 201 Pa. 616; see also Harrison's Est., 227 Pa. 134; Knight's Est., 235 Pa. 149).

Nor does the rule in Shelley's Case apply. The will provides as follows:

"I further give and bequeath unto The Fidelity Insurance, Trust and Safe Deposit Company the sum of $300,-000 to hold the same in trust for the sole and separate use of my daughter, Helen C. Jenks, wife of Dr. William F. Jenks, during her natural life, and from and after her decease to hold the same to and for the use and benefit of such child or children as she may leave," followed by the provision that in the event of her death "without leaving issue, then the said trust fund of said decedent shall revert to and form part of my residuary estate," the residuary estate being given to the University of Pennsylvania, whose interest is contingent, in that Mrs. Jenks has issue living (a son and three grandchildren).

While the testator may have used the words "children" and "issue" somewhat loosely, he nevertheless clearly expressed his intention to create a trust for the benefit of his daughter for life, with remainder to such child or children as she might leave, and with an alternate gift in favor of the University of Pennsylvania in the event of her death without issue. It might have saved at least part of the discussion if the testator had expressly stated that the issue of a deceased child of his daughter should take the share the parent would have taken if living, but a gift to children has frequently been held to include grandchildren (see Campbell's Est., 202 Pa. 459), and it is a reasonable assumption that the testator had such grandchildren in mind when, in the subsequent part of the will, he used the word "issue." That a testator's intention is controlling requires no citation of authority; in the present instance we find nothing to show that the testator intended the remaindermen to take by inheritance from the beneficiary of the life estate, which is a

1918.]    Opinion of Court below—Opinion of the Court.

prerequisite to the application of the rule in Shelley's Case (see Stout v. Good, 245 Pa. 383) ; neither is there a coalescing of the estate for life and the estate in remainder, because the former is an equitable estate and the latter a legal one (Wolfinger v. Fell, 195 Pa. 12; Kellerman's Est., 52 Pa. Superior Ct. 412).

The court dismissed the petition. Helen C. Jenks appealed.

' *Error assigned* was in dismissing the petition.

*Thomas Raeburn White,* for appellant.

*H. Gordon McCouch,* for Fidelity Trust Company, appellee.

PER CURIAM, March 4, 1918 :

This appeal is dismissed, at appellant's costs, on the opinion of the learned court below dismissing her petition for an order upon the appellee to surrender and turn over to her the securities and property in its hands representing the trust fund created by the testator.