David's Estate.

Argued April 21, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Russell Duane,* of *Duane, Morris & Heckscher,* with him *Archibald T. Johnson,* for appellants.—Item 8th of decedent's will attempted to create a trust which failed because the daughter was not married nor in contemplation of marriage at time of testator's death in 1884: Hemphill's Est., 180 Pa. 95; Ogden's App., 70 Pa. 501; Wood's Est., 261 Pa. 480; Behringer's Est., 265 Pa. 111.

The trust for the daughter having failed, the life estate and the remainder merge, because the words "any children" should here be construed as words of limitation and not of purchase, and the daughter took an estate in fee by the operation of the rule in Shelley's Case and the Wills Act of 1855: Robinson's Est., 149 Pa. 418; Lauer v. Hoffman, 241 Pa. 315; Yarnall's App., 70 Pa. 335; Haldeman v. Haldeman, 40 Pa. 29; Mitchell v. R. R., 165 Pa. 645; Beilstein v. Beilstein, 194 Pa. 152.

The court below deprived the daughter of an estate in fee by construing the words "any children" as meaning a definite failure of issue in accordance with the Act of July 9, 1897, P. L. 213, although the testator died in 1884: Hay's Est., 286 Pa. 520; Barber v. Pittsburgh, etc., Ry., 166 U. S. 83.

The share of testator's daughter (Elizabeth Wandell Smith) in the residuary estate was a vested interest, and as she died childless was never divested.

We submit that the rules of construction applicable to the David will are found in the following cases: Mickley's App., 92 Pa. 514; Stark's Est., 264 Pa. 232; Martin's Est., 11 Pa. C. C. Rep. 245; Williamson v. Greene Improvement Co., 278 Pa. 358; Robinson's Est., 282 Pa. 531.

The trust which the testator attempted to create under the residuary provisions was invalid: Bruntrager's Est., 2 Pa. D. & C. Rep. 747.

The residuary trust for the share of the daughter being invalid, it follows that even if her interest were a life estate (which we contend it was not) such interest would coalesce with the remainder to her children, and under the rule in Shelley's Case she would take a fee: Lauer v. Hoffman, 241 Pa. 315; Hay's Est., 286 Pa. 520; Barber v. Pittsburgh, etc., Ry., 166 U. S. 83.

*R. M. Remick,* of *Saul, Ewing, Remick & Saul,* for appellees.—The decedent by his will created a valid and subsisting trust: Hemphill's Est., 180 Pa. 95; Towne's Est., 260 Pa. 443; Whiteley's Est., 273 Pa. 364.

The language of the will did not create an estate tail calling for the application of the rule in Shelley's Case, and thus becoming a fee simple under the Act of April 27, 1855: Stout v. Good, 245 Pa. 383; Guthrie's App., 37 Pa. 9.

This court in Crock's Est., 231 Pa. 271 (1911), decided, as did the auditing judge, that a direction contained in the residuary clause that the interest in remainder of a child dying without issue shall "revert to and become part of my residuary estate" was in effect a gift to the other children of the decendent.

*Daniel R. Rothermel,* for Girard Trust, guardian.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 30, 1932:

These appeals, from two separate adjudications, involve the construction of two items in the will of William M. David, deceased.

Testator died November 16, 1884. Item 8 of his will established a fund of $75,000 "in trust to invest the same and pay the net income as received unto my daughter, Lizzie Wandell David [Elizabeth Wandell Smith], for her sole and separate use during her life: and from and

after her death to pay the principal to any children she may leave and if she should die without leaving children then the said sum shall fall into the residue of my estate," followed by directions for the investment of this fund.

Item 12 provided that the residue of testator's estate and the income therefrom should be accumulated and invested until the death of his wife, "immediately thereafter" to be divided "equally among such of my children as shall then be living and the issue of those who may be dead and in case of the death of any of my said children said residuary estate shall be divided among their surviving brothers and sister or the issue of such of them as may be dead: and I direct that upon the said division my said trustees shall pay twenty-five thousand dollars, ($25,000) out of the share of each of my said sons should they then be living and the whole of the share of my said daughter to some reliable trust company in trust to invest the same and pay the income thereof to each of them during the term of their respective lives and upon the death of any of my said sons to pay the share of the one so dying to such person or persons as they or either of them shall by their last will or instrument in the nature thereof direct and in default of such appointment to their right heirs and as to the share of my said daughter to pay the same to her children surviving her and in default of children then the same shall fall into the residue of my estate. And the balance of the said residue after reserving the sums above mentioned they shall pay as above directed clear of all trusts."

Testator's wife died August 5, 1911. His daughter Elizabeth Wandell Smith (Lizzie Wandell David in the will of testator) died December 2, 1930, without issue.

It is admitted that the sole and separate use provision in item 8 falls, as the daughter was not in contemplation of marriage at the time of her father's death, and appellants argue for that reason the trust fails, thereby

vesting a fee tail in the daughter, which under the Act of April 27, 1855, becomes a fee simple. The auditing judge held on the authority of Hemphill's Est., 180 Pa. 95, 96, that the trust was active, since the trustees were invested with discretion to invest the principal and pay the net income to the beneficiary; this appellants contend is error in that it fails to distinguish between the duties of the trustees and the purpose of the trust as the test of its validity. But consideration of the question from the standpoint of the purpose of the trust will not alter the result. The terms of the will in Wolfinger v. Fell, 195 Pa. 12, were almost identical with those in the David will. In denying the contention that the trust failed in that case, we said, pages 15 and 17: "It may be conceded that if the trust created by the will was for coverture only there would be room for the contention that by the will of her mother Catharine acquired an estate in fee tail, which under the Act of April 27, 1855, 'shall be taken and construed to be an estate in fee simple.' The assumption that the trust is extinguished because there was no marriage in fact or in contemplation when the will was executed overlooks, and if sustained would defeat, the dominating purpose of the testatrix in the disposition of her property. In Kuntzleman's Est., 136 Pa. 142, so much of the trust as was for coverture only was inoperative, while that part of it which charged the trustees with the investment of the personalty and the control of the realty was held to constitute an active and continuing trust to pay to the testator's daughter the rents and profits accruing on one-tenth part of his residuary estate during her life, and to protect the corpus of the estate for the parties entitled in remainder. ...... The will of the testatrix discloses a clearly defined intention on her part that her estate shall be held in trust during the lifetime of her daughter Catharine, and at her decease the same shall be disposed of in conformity with her direction therein. Catharine's interest in the estate is therefore nothing

more than a right to have from the trustee while she lives the net rents and income thereof. The trust established by the will is an active and continuing trust, during the life of the party entitled to the net rents and income of the estate, and the validity of it cannot be successfully assailed." This language is appropriate to the present case and determines the issue. See also Towne's Est., 260 Pa. 443.

Since we hold the trust to be active, it is unnecessary to discuss appellants' argument as to the applicability of the rule in Shelley's Case. However, the opinion of the court in banc correctly states that "The rule in Shelley's Case has no place on the question of interpretation, because not only is the trust an active one, so that there is no coalescence, but the word children is used as a word of purchase and not of limitation."

Taking up the adjudication of the residuary clause, appellants raise the question of the invalidity of the trust created by item 12 of the will because of the provision to accumulate the income beyond the period permitted by the Act of 1853. It does not appear this point was pressed in the court below, but it is stated in appellants' brief that, "In recognition of the fact that the trust to accumulate was void, distribution of the accumulations was made in prior accountings among testator's children including his daughter." This arrangement, it was stated before us, was made by agreement between all parties in interest, so that only what testator left in his lifetime was before the court below on the distribution from which this appeal is taken; accordingly the argument that the trust is void on this score is unavailing.

As to item 12, here also appellants contend testator's language was such as conveyed a fee tail, which under the rule in Shelley's Case resulted in a fee simple. The court below, having in mind all words of this paragraph, and testator's whole plan as therein set forth, properly held that the rule in Shelley's Case was not applicable.

The words used by testator cannot be regarded as words of limitation; his intention is clear that, should his daughter die childless, the fund set apart for her benefit during her life should revert to his other children, or their issue representing them: Crock's Est., 231 Pa. 271.

The decree of the court below in each appeal before us is affirmed; costs to be paid out of the estate.