## Balkiewicz, Appellant, *v.* Asenavage.

Argued January 10, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

502

*W. J. Krencewicz,* for appellant.

*Joseph A. Zane,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, March 13, 1962:

In July, 1944, Louise Balkiewicz, the plaintiff in this case, and Adam Balkiewicz, both having been married previously, their respective spouses being deceased, married one another and maintained the marital status until December 18, 1960, when Adam died. Each spouse had brought to the marriage a brood of children and, as occasionally happens in such a relationship, the union of the individual parents did not bring about a harmonious amalgamation of the two sets of offsprings. Thus, on January 20, 1956, Adam, without the joinder of his wife, conveyed to his eight children of the former wife all the property that he had acquired prior to his marriage with Louise.

Upon Adam's death, Louise filed an action in ejectment in the Court of Common Pleas of Schuylkill County against Adam's children (there are eight) to recover possession of an undivided one-third interest in the property he had conveyed to them.

One of the defendants filed preliminary objections in the form of a demurrer, which were sustained by the court, and the plaintiff appealed.

That Mrs. Balkiewicz owns an undivided one-third interest in the property thus conveyed without her joinder is unquestioned. The Intestate Act of 1947, P. L. 80, §5 (20 P.S. §1.5), provides: "The shares of the estate to which the widow is entitled shall be in lieu and full satisfaction of her dower at common law, so far as relates to real estate of which the husband dies seised; *and her share in real estate aliened by the husband in his lifetime, without her joining in the con-*

*veyance, shall be the same as her share in real estate of which the husband dies seised."* (Emphasis supplied) In this case, the widow's interest is one-third because the deceased left more than one child to survive him: Act of April 24, 1947, P. L. 80, §2, 20 P.S. §1.2(1).

The only question therefore, to be decided here is whether the plaintiff can obtain possession of her interest by an act of ejectment. As early as 1820, this Court stated in *Pringle v. Gaw*, 5 S. & R. 536, that: "By the common law, it is well established, that if the widow's claim be in the nature of dower, an ejectment will not lie before assignment. She is not seised of an undivided third part with the heirs. Hutton, 18 Hob. 181. Ejectment is a possessory action; and it is certain she cannot hold the possession against the heir. She is not seised until assignment, of an undivided third part. The widow and heir, or heirs, are neither tenants in common, joint-tenants, nor co-parceners."

And then, as recently as 1951, in *Smigell v. Brod*, 366 Pa. 612, we clearly indicated our approval of the continued existence of the common law rule: "This suit is in ejectment, a possessory *legal* action to recover possession of land. A widow, however, has no right to the *exclusive* possession of her deceased intestate spouse's lands and hence cannot support ejectment for her *interest* therein: Bratton v. Mitchell, 7 Watts 113; Pringle v. Gaw, 5 Sergeant & Rawle 536; Gourley v. Kinley, 66 Pa. 270. See also: Bridgeford v. Groh et ux., 9 D. & C. 5 (Lewis, J.) and 13 D. & C. 704 (Stern, P. J.); Hahn's Estate, 44 D. & C. 535 (Gearhart, P. J.)." (Emphasis that of the court)

The plaintiff contends that the quoted statement in the *Smigell* case is to be disregarded as dictum since the widow there involved was the defendant and not the plaintiff and, in addition, the conveyance had been made by the deceased husband prior to engagement and

marriage so that the widow could have no intestate rights in the conveyed property. The plaintiff concedes that the rule at common law, as stated in *Pringle v. Gaw,* supra, declared that a widow is not a tenant in common with the grantees of property conveyed by her husband without her joinder. The plaintiff argues, however, that this common law rule was changed when the legislature, in the enactment of the 1917 and 1947 Intestate Acts, codified the widow's interest in her husband's property of which he died seised and provided that such interest was to be in lieu and in full satisfaction of her common law dower and provided also that her interest in real estate aliened by him during his lifetime without her joinder would be the same as her interest in the real estate of which he died seised.

The plaintiff seeks to support this argument by quoting from *Hanley v. Stewart,* 155 Pa. Superior Ct. 535, as follows: "Since the Intestate Act of June 7, 1917, P. L. 429, the interest of a widow in the real estate of which her husband died the owner in fee, intestate, is not dower or a life estate. It is an absolute estate, of the same nature as that passing to his child or children, and is not conditioned on his being in actual possession of the real estate at the time of his death."

However, there is nothing in this quotation to oppose what we said in *Smigell v. Brod,* supra, and in *Bridgeford v. Groh,* 306 Pa. 566, as hereinafter quoted. The Superior Court's statement refers only to the widow's interest in land of which the decedent "died the owner in fee" and does not apply to the widow's interest in property aliened by her husband during her lifetime. There are fundamental differences between these two situations: "A widow's 'dower' rights may arise in two separate situations which are fundamentally different, both in law and in fact: (1) where the husband dies seized of the land; (2) where the husband has aliened the land during his lifetime, without his

wife joining in the conveyance." (*Bridgeford v. Groh,* 306 Pa. 566.)

We pointed out in the *Bridgeford* case that the word "estate" as used in section 3 of the 1917 Intestate Act (now incorporated in section 5 of the 1947 Intestate Act hereinbefore quoted) is " 'a description having no application to property in which he (the decedent) divested himself of all estate prior to his death': Borland v. Nichols, 12 Pa. 38, 42 . . ." Hence, decisions dealing with a widow's rights as to property of which her husband died seised do not necessarily govern here.

Furthermore, the changes noted in the quoted statement in the *Hanley* case had reference only to the fact that the widow's interest under the Intestate Act is now an absolute estate which vests immediately upon the husband's death and attaches whether the property rights owned by the husband at his decease were possessory or non-possessory; whereas, at common law, it was a mere life estate limited to property of which the husband died seised, which did not vest until assignment of the interest to her.

In fact, in *Bridgeford v. Groh,* supra, we clearly stated that the 1917 Intestate Act, after which the 1947 Intestate Act was patterned, "gives no evidence of any legislative intent to change the common law further than in the quantum of the interest given to the widow" : "Appellant contends that the Intestate Act of June 7, 1917, P. L. 429, changed all the prior existing law on the matter before us and has made inapplicable all the earlier decisions. With this broad challenge we cannot agree. In Merrick v. DuPont, 285 Pa. 368, we reannounced a principle operative throughout the whole course of our existence as a Commonwealth in which the foundations of jurisprudence are in the common law, that a statute should be so interpreted that it will accord, as nearly as may be, with the theretofore exist-

ing course of the common law. We were in that case applying the principle to the very act now before us. *It gives no evidence of any legislative intent to change the common law further than in the quantum of the interest given to the widow.* The applicable section of the act (section 3) reads: 'The shares of the estate directed by this act to be allotted to the widow shall be in lieu and full satisfaction of her dower at common law, so far as relates to land of which the husband died seized; and her share in lands aliened by the husband in his lifetime, without her joining in the conveyance, shall be the same as her share in lands of which the husband died seized.' In the instant case this is a one-half interest in fee simple. All that section 3 provides is that her share shall be the same as her share in lands of which her husband died seized, and the purpose of the clause is to provide that, whereas before the act the widow would have been entitled only to a one-third life interest in land aliened by her husband in his lifetime, she is thenceforth to be entitled, where there is only one child, to a one-half interest in fee simple. As was said by the learned judge of the court below, there is nothing which indicates that the real estate aliened by her husband and in which her share is thus fixed shall be considered as of the same value, or as of the same physical condition, or subject to the same encumbrances as it might or would have been had the husband continued to own the property and been seized thereof at the time of his death. *It is not to be presumed that by this section of the act it was intended to sweep away all such limitations and qualifications of the widow's claim under such circumstances, as limited her right under the common law. Notwithstanding the many statutes which have been passed giving the widow a statutory right to a part of her husband's real estate in lieu of common law dower, it has always been held that the new interest thus created is in itself*

*in the nature of dower, chargeable with the incidents of that estate."*

It is to be kept in mind, when attempting to make the widow a tenant in common with the defendants, that the widow takes her interest "because of the marriage relation, and not by succession or descent" (28 C.J.S., Dower, §67(a), page 143. This distinction is clearly set forth in 28 C.J.S., Dower, §110, pages 222-223 as follows: "The widow takes her estate from her husband and not from the heirs or from the person assigning, and her seizin is deemed a continuance of the seizin of her husband, relating back to the time of the marriage, if her husband was then seized, and if he was not then seized, it relates back to the time when he was seized, the seizin of the heir being defeated ab initio by the assignment of dower. . . . Statutes which give the widow an estate in fee in lands of her deceased husband do not affect the operation of the rule; she still takes as widow, by purchase, and not as heir; . . ."

We are constrained to hold, therefore, that the statutory changes affecting a widow's interest in property aliened by her husband during his lifetime without her joinder do not make her a tenant in common with the husband's grantees, nor do they permit her to bring an action of ejectment against them, contrary to the strongly entrenched common law rules in this regard.

The orderly evolution of the law through recognized channels does not permit us to conclude that the common law limitations on the rights of a widow were to be erased by the statutory changes in the quantum of the widow's interest as hereinbefore set forth in our discussion of the statement in *Hanley v. Stewart,* supra. If the Legislature had intended further changes than those clearly indicated, it would have so provided. This Court, cannot, by judicial interpretation, wipe out common law boundaries unless no other logical interpreta-

508

tion is possible and the legislature's intent to so eradicate clearly appears.

We thus hold that the plaintiff may not maintain an action in ejectment against her deceased husband's grantees and that her remedy is to have her one-third interest in the controverted property set aside to her by action in partition. If possession of that portion, so set aside to her is interfered with, she may then maintain an action in ejectment against those trespassing upon her rights.

Judgment affirmed.