## Campbell v. Shick

*Robert C. Wise*, for petitioner.

*Harry C. Fithian, Jr.*, for respondent.

GREEVY, P. J., March 19, 1964.—On December 27, 1912, Joseph Campbell married Auleva Campbell and remained married to her until her death on January 14, 1963. At the time of her death, the wife was survived by her husband and more than one child. On September 11, 1929, Auleva acquired a certain piece of property in her own name, a description of which is recorded in Lycoming County Deed Book, vol. 277, p. 97. Subsequently one part of the property was conveyed to an Austin Stevens and the balance of the property was conveyed on September 8, 1962, to Cecelia Shick, respondent, a description of which is recorded in Lycoming County Deed Book, vol. 490, p. 920. It is undisputed that petitioner, Joseph Campbell, did not join in this latter conveyance. On August 30, 1963, Joseph Campbell filed a petition for declaratory judgment asking that respondent, Cecelia A. Shick, be compelled to deliver to him one-third of the value of the property conveyed to Cecelia A. Shick by the wife of petitioner.

Even though the granting of a petition for a declaratory judgment is a matter that lies within the judicial discretion of the court, and even though both parties

join in asking such a judgment, it should not be used where there is a dispute as to the facts, or such controversy may arise or where a more appropriate remedy is available. See Stevenson v. Stein, 412 Pa. 478.

Under the circumstances presented here and under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831-853, this court has jurisdiction over the parties and the subject matter and a declaratory judgment is proper.

The precise question to be decided is how the Act of July 17, 1957, P. L. 969, sec. 1, 48 PS §321, effected the rights of a surviving husband in property owned and aliened by his wife during her lifetime without his joinder. Prior to the Act of 1957, a married woman could not convey any property which she owned in her own name without her husband's joinder. If she attempted to do so such a deed was not voidable but absolutely void. In 1957, the legislature authorized a married woman to convey her own property . . . "to the same extent as a married man": 48 PS §321. Petitioner contends that the words of this act place the same limitation upon the right of the wife to convey her own property as the first part of the Act of April 24, 1947, P. L. 80, sec. 5, 20 PS §1.5, does on the husband. This later act is as follows:

"(a) Widow. The shares of the estate to which the widow is entitled shall be in lieu and full satisfaction of her dower at common law, so far as relates to real estate of which the husband dies seised; and her share in real estate aliened by the husband in his lifetime, without her joining in the conveyance, shall be the same as her share in real estate of which the husband dies seised. The widow shall receive the same share in a future estate owned by the husband as in an estate of which he dies seised, although the particular estate shall not terminate before the death of the husband.

"(b) Surviving husband. The shares of the estate to which the surviving husband is entitled shall be in lieu and full satisfaction of his curtesy at common law. The surviving husband shall receive the same share in a future estate owned by the wife as in an estate of which she dies seised, although the particular estate shall not terminate before the death of the wife."

Part (b) of the above act is silent as to the surviving husband's right to a wife's property aliened during her lifetime without his joinder. The reason for this is clear as the legislature did not have to preserve a right in the husband which the wife could not destroy by her own act. Since a married woman could not convey her own property without the joinder of her husband, his intestate share could not be lost and it would have been superfluous for the legislature to have made sections (a) and (b) exactly alike.

The Act of 1957, which gives a married woman the right to alien her own land, limited that right "to the same extent as a married man." Since both laws deal with the rights of spouses to alien their own property, they are in pari materia. The only reasonable construction of the phrase "to the same extent as a married man," is that if a married man could not deprive his wife of her statutory intestate share, then this was the limitation on him referred to in the 1957 Act and the wife was similarly bound. Laws in pari materia are to be construed, if possible, as one law: Act of May 28, 1937, P. L. 1019, art. IV, sec. 62, 46 PS §562. There are no reported cases involving this precise point under the 1957 Act, but the court is bolstered in its conclusion by the Amendatory Act of July 25, 1963, sec. 1, P. L. 280, 20 PS §1.5, wherein the legislature fully spelled out the rights of a surviving husband in property owned by his wife and aliened during his lifetime without his joinder.

Section (b) of this act is as follows:

"(b) Surviving Husband. The shares of the estate to which the surviving husband is entitled shall be in lieu and full satisfaction of his curtesy at common law so far as relates to real estate of which the wife dies seised, and his share in real estate aliened by the wife in her lifetime without his joining in the conveyance shall be the same as his share in real estate of which the wife dies seised. The surviving husband shall receive the same share in a future estate owned by the wife as in an estate of which she dies seised, although the particular estate shall not terminate before the death of the wife."

We hold that the deed given by Auleva Campbell during her lifetime without the joinder of her husband was valid but that petitioner in this case is entitled to his statutory intestate share of one-third. See Smigell v. Brod, 366 Pa. 612.

Petitioner has asked the court, in the event we find in his favor, that the court appoint appraisers to fix the value of the land and to order respondent to pay over one-third of such value to petitioner. Unless the parties can agree on the value of the land this can be accomplished more fairly by a jury trial under section 839 of the Uniform Declaratory Judgments Act of June 18, 1923, 12 PS §839.

The court makes the following

## Order

And now, to wit, March 19, 1964, upon consideration of the petition and answer filed in this case, and after argument, it is ordered and decreed that petitioner, Joseph Campbell, is entitled to one-third the value of the property conveyed by Auleva Campbell to Cecelia A. Shick, respondent; if Joseph Campbell and Cecelia A. Shick cannot agree as to the value of the property, application for a jury trial can be made by petition of either party.

If no exceptions are taken hereto within 30 days, this declaratory judgment shall be entered by the prothonotary as a final decree. Application for jury trial to fix value may be made thereafter by petition of either party.

Each party to pay their own costs.