## Muzzey *v.* Benjeski, Appellant.

Argued October 13, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

38

D. L. Cohen, with him Aaron Cohen, and Cohen & Popiel, for appellants.

Richard T. Wentley, with him Edmund S. Ruffin, III, and Thorp, Reed & Armstrong, for appellees.

OPINION BY MR. JUSTICE O'BRIEN, November 10, 1964:

This is an action to quiet title to land located in Homestead, Allegheny County, Pennsylvania. On August 25, 1951, Angela Benjeski conveyed her interest in the Homestead property to her brother and mother. Angela Benjeski acquired an interest in the Homestead property when her father died intestate. At the time of the conveyance, Angela Benjeski was married to Leo Benjeski. In 1936, Leo left Angela and ceased to support her after 1947.

The appellants now charge that Angela never divested herself of her interest because (1) at the time of the conveyance, she was incompetent, and (2) she was not a feme sole trader. The court below considered all of the evidence on these issues and found that the conveyance by Angela Benjeski was proper.

Incompetency can only be determined on the basis of evidence which is clear, precise and convincing. Girsh Trust, 410 Pa. 455, 189 A. 2d 852 (1963); Elli-

*ott v. Clawson,* 416 Pa. 34, 204 A. 2d 272 (1964); *Myers Estate,* 395 Pa. 459, 150 A. 2d 525 (1959); *Gold Will,* 408 Pa. 41, 182 A. 2d 707 (1962). We have examined the record in this case and we are led to the inevitable conclusion that the evidence adduced at the trial did not establish that Angela Benjeski was incompetent at the time of the conveyance.

We must further agree with the court below that Angela Benjeski qualified as a feme sole trader under the Act of May 4, 1855, P. L. 430, 48 P.S. §42. This statute reads as follows: "Whensoever any husband, from drunkenness, profligacy or other cause, shall neglect or refuse to provide for his wife, or shall desert her, she shall have all the rights and privileges secured to a feme sole trader, . . . and her property, real and personal, howsoever acquired, shall be subject to her free and absolute disposal during life, or by will, without *any* liability to be interfered with or obtained by such husband. . . ."

Leo Benjeski left his wife and refused to provide support for his wife for at least 3 years prior to the conveyance. We believe that these acts were ample qualifications of Angela Benjeski's right to convey her property as a feme sole trader and to divest her husband of any rights he might have therein. See *Thornton v. Pierce,* 328 Pa. 11, 194 A. 897 (1937).

Judgment affirmed.