Campbell *v.* Shick, Appellant.

Argued June 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Patrick H. Fierro,* with him *Fierro & Miele,* for appellant.

*Robert C. Wise,* for appellee.

OPINION BY WRIGHT, J., September 16, 1965:

On August 30, 1963, Joseph Campbell filed in the Court of Common Pleas of Lycoming County a petition against Cecelia A. Shick under the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 P.S. 831 et seq., praying for the entry of a decree construing the legal effect of a deed of conveyance made to the respondent by petitioner's

254

deceased wife during her lifetime without his joinder. The court below determined that it had jurisdiction of the parties and the subject matter, and that "a declaratory judgment is proper".[1] On March 20, 1964, an opinion was filed with nisi decree that petitioner was entitled to one-third of the value of the real estate conveyed. Exceptions by the respondent were dismissed in an opinion filed January 26, 1965, and a final decree was entered on that date. This appeal followed.

Joseph and Auleva Campbell were married on December 27, 1912. On September 11, 1929, the wife purchased premises at 1418 West Fourth Street in the City of Williamsport. The rear portion of this property was thereafter sold off by the wife with the husband's joinder. On September 8, 1962, the remaining front portion of the premises was conveyed by the wife to Cecelia A. Shick without the husband's joinder. The wife died intestate on January 14, 1963, survived by her husband and more than one child. The question before us is whether the surviving husband at the death of his wife acquired a statutory-intestate share in real estate conveyed by his deceased wife during coverture without his joinder.

Under the provisions of the Act of June 8, 1893, P. L. 344, 48 P.S. 32, which authorized married women to make certain contracts, a married woman did not have the capacity to convey real estate without her husband's joinder. See *Bosses v. Mahalsky*, 365 Pa. 184, 74 A. 2d 93. There were some exceptions to this

---

[1] *Stevenson v. Stein*, 412 Pa. 478, 195 A. 2d 268; *Lakeland Joint School District Authority et al. v. Scott Township School District*, 414 Pa. 451, 200 A. 2d 748. Compare *Mohney Estate*, 416 Pa. 107, 204 A. 2d 916; *Sheldrake Estate*, 416 Pa. 551, 207 A. 2d 802; *Carlsson v. Pa. General Ins. Co.*, 417 Pa. 356, 207 A. 2d 759. And see *Balkiewicz v. Asenavage*, 406 Pa. 501, 178 A. 2d 591.

rule.[2] The rights and powers of married women as to property and contracts were enlarged by the Act of July 17, 1957, P. L. 969, 48 P.S. 32.1, which reads as follows: "Hereafter, a married woman shall have the same right and power as a married man to acquire, own, possess, control, use, convey, lease or mortgage any property of any kind, real, personal, or mixed, either in possession or in expectancy, or to make any contract in writing or otherwise, and may exercise the said right and power in the same manner and to the same extent as a married man".

While a married woman's deed without her husband's joinder was ineffective prior to the Act of 1957, except in the instances noted, a husband's deed without his wife's joinder was effective, but the grantee took the property subject to the wife's intestate share if she survived her husband. See Section 5 of the Intestate Act of April 24, 1947, P. L. 80, 20 P.S. 1.5. At the time of the conveyance under consideration this statute did not provide that the husband's share of real estate aliened by the wife in her lifetime without his joinder would be the same as his share in real estate of which the wife died seized, although it did so provide with respect to the wife's share of the husband's aliened real estate. This distinction was logical when the Intestate Act of 1947 was adopted since, as hereto-

---

[2] A married woman could convey real estate after a divorce from bed and board: Act of April 11, 1927, P. L. 181, 48 P.S. 117a, *Scaife v. McKee*, 298 Pa. 33, 148 A. 37; as a feme sole trader: Act of May 4, 1855, P. L. 430, 48 P.S. 42, *Thornton v. Pierce*, 328 Pa. 11, 194 A. 897, *Muzzey v. Benjeski*, 416 Pa. 37, 204 A. 2d 274; after a separation agreement: Act of July 9, 1897, P. L. 212, 21 P.S. 52; or if such power was expressly given by the instrument under which she acquired title: *Wright v. Brown*, 44 Pa. 224. A married woman could also ratify an earlier ineffective deed: *Simon's Estate*, 20 Pa. Superior Ct. 450, *Jourdan v. Dean*, 175 Pa. 599.

fore indicated, a wife did not have the capacity generally to convey real estate without her husband's joinder.

Appellant argues that the Act of 1957 permits a wife to convey her real estate without her husband's joinder and free of any claim by her husband to an intestate share. The position of the husband-appellee is that the power given to the wife by the Act of 1957 is only the same power to convey as the husband, subject to the necessity of the husband's joinder to eliminate his possible intestate share. Of importance, therefore, is a determination of the intention of the legislature when it adopted the Act of 1957.

It is significant that the legislature, in adopting the Act of 1957, did not follow the language of the Act of 1893, supra, which conferred authority (italics supplied) "in the same manner and to the same extent *as an unmarried person*". On the contrary the authority conferred by the Act of 1957 was (italics again supplied) "the same right and power *as a married man*". Limitation of the wife's right to alien to the same extent as a married man is a clear indication that the legislature did not intend to permit a married woman to convey real estate free of the intestate rights of the husband without his joinder. Our conclusion in this regard is supported by the text writers.[3]

It should be here noted that the Act of July 25, 1963, P. L. 280, amending Section 5 of the Intestate Act, conforms the wording of the surviving husband's intestate share under clause (b) with the wording of the widow's intestate share under clause (a). While this amendment is not retroactive, it illustrates the public policy of the Commonwealth to protect surviving husbands as well as surviving wives.

---

[3] Bregy, Intestate, Wills and Estates Acts of 1947, page 8013; Ladner on Conveyancing in Pennsylvania (3d Ed.) page 59; Fiduciary Review, August, 1957, June, 1962.

To effect the startling change in the law suggested by appellant, thus giving a wife's deed without her husband's joinder greater weight than a husband's deed without his wife's joinder, an express statement by the legislature should be required. This court will not judicially enlarge the effect of a statute which was intended to have limited effect. We agree with the court below that, in the instant case, the surviving husband who had not forfeited his intestate rights acquired an undivided one-third interest in the real estate conveyed by his deceased wife without his joinder.

Decree affirmed.