## Bialczak v. Moniak

*Marsha Meadows*, for plaintiff.
*William F. Morgan*, for defendants.

WOLFE, *P.J.*, July 9, 1987—Defendants have filed a motion to dismiss plaintiff's cause of action, a complaint for partition.

The history of this case is set out in full in our written opinion of August 30, 1984. Defendants had filed preliminary objections in the nature of a demurrer to plaintiff's complaint in partition which we denied.

The partition action was founded in the uncontested fact plaintiff was married to Stanley B. Bialczak who died May 12, 1984. Prior to his demise, decedent on December 8, 1978, conveyed the premises in question for a partition to his two daughters and excepted and reserved unto himself:

"The use of said premises for so long as he cares to occupy and maintain said premises and pay taxes thereon."

This conveyance was made after the effective date of the Probate, Estate and Fiduciaries Code (20 Pa.C.S. §2203) effective June 18, 1978.

After the demurrer order, defendants filed an answer thereto on September 27, 1984, denying that plaintiff's dower interest remained outstanding and carried new matter alleging the decedent retained no interest or estate in the conveyed premises other than his life use and also a counterclaim that the Probate, Estate and Fiduciaries Code precludes any claim for dower interest.

The case lay dormant until defendants' motion of June 12, 1987, despite the fact plaintiff listed the case ready for trial on April 8, 1985.

We have again reviewed the complaint for partition, and the partition action is based upon plaintiff's allegation that she has a dower interest in the conveyed premises which was not extinguished, alleges plaintiff was never compensated for her dower interest and concludes plaintiff is entitled to one-half of the current fair market value as her proper share as marital property or in the alternative one-third of the fair market value as her entitlement under dower.

Defendants argue plaintiff's remedy, if any existed, was her right to an elective share of one-third of decedent's property conveyed during the marriage under section 2203(a)(4):

"Property conveyed by the decedent during the marriage to himself and another or others with right of survivorship to the extent of any interest in the property that the decedent had the power at the time of his death unilaterally to convey absolutely or in fee."

Defendants argue the Probate, Estate and Fiduciaries Code, effective June 17, 1978, eliminated common law dower and plaintiff failing to make her election within six months from the decedent's death, is now time barred from any action of any nature.

Plaintiff argues she is satisfied with the will of decedent which was probated but argues, nonetheless, she is entitled to pursue the partition action against defendants. We must disagree with plaintiff's argument.

As we wrote in the initial opinion, citing *Briegel v. Briegel,* 307 Pa. 93, 160 Atl. 581 (1931), dower inchoate is an encumbrance upon property which becomes a full estate in the land upon the death of the husband. The concept of dower of a widow arises in two separate situations: (1) where the husband dies siezed of the land, and (2) where the husband has aliened the land during his lifetime without his wife joining the conveyance. *Balkiewicz v. Asenavage,* 406 Pa. 501, 178 A.2d 591 (1962); *Bridgeford v. Groh,* 306 Pa. 566, 160 A. 452.

In *Balkiewicz,* supra, the court sustained preliminary objections to plaintiff's action in ejectment under the same factual situation herein that after a second marriage the deceased husband conveyed property to his eight children of his former wife without the joinder of plaintiff. The ejectment action was to recover possession of an undivided one-third interest in the property thus conveyed. The court said:

"We are constrained to hold, therefore, that the statutory changes affecting a widow's interest in property aliened by her husband during his lifetime without her joinder do not make her a tenant in common with the husband's grantees, nor do they permit her to bring an action of ejectment against them, contrary to the strongly entrenched common law rules in this regard."

The court, however, concluded that plaintiff was entitled to a partition action to have her one-third interest in the converted property set aside to her.

The *Balkiewicz* action was brought under the reign of the Intestate Act of 1947, Pamphlet Law 80, section 5 (20 P.S. §1.5), which provided:

"The shares of the estate to which the widow is entitled shall be in lieu and full satisfaction of her dower at common law, so far as relates to real estate of which the husband died seized; and her share in real estate aliened by the husband in his lifetime, without her joining in the conveyance, shall be the same as her share in real estate of which the husband died seized."

The court found the widow's interest is one-third because the decedent left more than one child to survive him.

Instantly, plaintiff cannot avail herself of the Intestate Act of 1947, which she is attempting to do. After the amendment of the Intestate Act of 1947, the widow is relegated to section 2105 of the Probate, Estate and Fiduciaries Code, effective June 17, 1978:

"2105. SPOUSE'S RIGHTS

"(a) *Widow.* The share of the estate to which a widow is entitled shall be in lieu and full satisfaction of her dower at common law.

"(b) *Surviving husband.* The share of the estate to which a surviving husband is entitled under this title shall be in lieu and full satisfaction of his curtesy at common law."

The P.E.F. Code comment is:

"This provides that the share of the estate under this code is in lieu of common law dower or curtesy. A specific statement that a surviving spouse would take no share in real property aliened by the deceased spouse without joinder by the survivor is unnecessary since the right to share had no common law basis other than dower or curtesy and no statutory basis other than the provisions formerly appear-

ing in section 2105 and its predecessors which are hereby repealed."

It therefore becomes crystal clear the Probate Estate and Fiduciaries Act of June 17, 1978, controls the instant case, and the surviving spouse is relegated to the election under section 2203 and no right of dower or curtesy exists after June 17, 1978.

We therefore conclude plaintiff's partition action will not lie, and plaintiff has neglected to make a timely election, within six months, against the aliened property without her joinder.

Section 2210(b) is clear: "Failure to file an election in the manner and within the time limit set forth in this section shall be deemed a waiver of a right of election."

We therefore enter the following

## ORDER

AND NOW, THIS July 9, 1987, defendants' motion to dismiss plaintiff's action in partition is granted with prejudice.